39   565
f108 436
39   565
e112 545

RIVERS REESE, plaintiff in error, vs. D. H. BURTS, administrator, defendant in error.

1. A temporary administrator may file an "illegality" to an execution proceeding to sell the intestate's lands, and the permanent administrator will, on motion, be allowed to become a party to the proceeding.

2. An execution to enforce a judgment must follow the judgment, and if there be a material variance, the execution will be quashed.

3. When a decree directs that certain described lands shall be sold to satisfy a lien for the purchase-money, with a proviso that this shall not interfere with the widow's dower, and that the parcels set off to her shall be free from the force of the lien : *Held*, that a fair construction of the judgment is, that the lien is to be enforced against all the lands described, but cannot proceed against the dower lands until the death of the widow.

4. On the proof of her death, the Court will direct execution to issue against all the lands, but it is illegal for the Clerk, without an order of the Court, to issue an execution directing the sale of the whole, without qualification, even though the widow be dead.

5. The vendor's lien for the purchase-money, when it exists, stands, under the Code, on the same footing as a mortgage, in the distribution of an estate, and it does not lose its priority, even if not reduced to judgment, until after the death.

Illegality. Variance. Practice. Temporary administrator. Before Judge WORRILL. Chattahoochee Superior Court. March Term, 1869.

Reese filed a bill against Dorothy Jones, as executor of her deceased husband, to enforce a vendor's lien on certain lands. In February, 1867, he had a decree, that he recover of the defendant, by levy and sale, "$1,408 80, with interest and costs, which shall be recovered by the enforcement of the vendor's lien, set-out in said case, on the following described lands :    *    *    *    provided, nevertheless, that the enforcement of said vendor's lien shall in no way affect the right of said Dorothy Jones to dower in said lands, and so much and such parcels and tracts thereof as have been laid off and assigned to said Dorothy Jones, is entirely free from the force of said lien." The Clerk issued a *fi. fa.*, directing the officers to make said sums and costs out of the lands belonging to the estate of said husband, describing them just as they were described in said decree, and taking no notice of the reservation as to dower, though Mrs. Jones was then living. No levy was made till Mrs. Jones died. Then, and before time to have a regular administrator of her estate appointed, said *fi. fa.* was levied on all of said land. A temporary administrator was appointed, and filed an oath of illegality against said *fi. fa.*, upon the grounds that the *fi. fa.* should have issued against all the estate of Jones, and not against said lands only, and because it did not follow the decree, in that it took no notice of the reservation of the dower lands, and because the estate was insolvent, and this *fi. fa.* should only be paid *pro rata* with other debts, after due administration.

The sheriff did not sell, but returned the papers to Court.

Meanwhile, D. H. Burts had become the regular administrator of Mrs. Jones, and was, by order, made a party to said suit.

Reese's counsel moved to dismiss the illegality, because it could not be taken by a temporary administrator, and because Mrs. Jones, having died before the levy, the failure to notice her dower in the *fi. fa.* was an immaterial variance. The Court overruled the motion. After argument, he sustained the oath of illegality, on the ground of variance between the decree and the *fi. fa.*

The refusal to dismiss the proceeding, and sustaining the illegality, are assigned as error.

E. G. Raiford, for plaintiff in error, cited, as to the powers of temporary administrators, 2 Bouv. Ins., 146 ; Irwin's Code, secs. 277, 2451-2-3 ; 10th Geo. R., 77 ; 37th, 15.

D. H. Burts, for defendant.

McCay, J.

1. We see no reason why the temporary administrator is not, in this State, bound to protect the real as well as the personal estate of the deceased from illegal interference. Land is assets for the payment of debts, in this State, and it is the duty of the administrator to keep it from strangers for that purpose. Code, sec. 2449.

2. The execution does not follow the judgment. By the express terms of the decree, the reversion was not to be sold until the life-estate fell in. This execution fails to make that exception, and, by the well settled rules, it must be quashed. Code, sec. 3581.

3. But we think, nevertheless, that, under the decree, this land is liable to be sold to satisfy the debt of Reese, after the death of the widow. His lien covered it all ; and, by any fair construction of the verdict, it means that, after the widow's death, the dower lands shall be sold. It would be presuming that the jury had deliberately taken from the

Reese vs. Burts, adm'r.

plaintiff his legal rights, to give the verdict such a construction as is contended for.

Her rights were superior to his, but his were, in conscience and equity, superior to all others. We would not hesitate to strain the language of the verdict a little, to make it speak what it was so clearly the duty of the jury to decree.

But the verdict expressly prohibits the sale of the dower land until the death of the widow, and execution cannot issue to sell that land until it is judicially ascertained that she is. dead. The Clerk is not a judicial officer, he is only a ministerial officer, and it was not his province to determine that the widow was dead. That was for the Court, on proof made, and this execution was, therefore, issued without authority of law, because it did not follow the judgment. Any change taking place, after judgment, requiring a different execution, must be passed upon by the Court.

4. By our statute, Code, sec. 2494, the *liens* existing at the death of the testator, are to be paid according to their priority, as they then exist. This was a lien in the lifetime. The judgment is merely the means of enforcing it.

We are, therefore, of opinion that this *fi. fa.* was improperly issued, but that the plaintiff may take steps to bring the fact that the widow is dead to the notice of the Court, and it will then be the duty of the Court, if nothing appears to the contrary, to direct an execution to issue, according to the facts.

We also hold, that in the distribution of the proceeds of the sale, the judgment should rank as one having a lien at the death of the intestate.

Judgment affirmed.