### SCOTT *vs.* ATWELL *et al.*, administrators.

1. Where suit was brought in a justice court in the name of "Reuben Atwell, James Atwell, agent, *vs.* John Scott," and defendant confessed judgment and appealed, there was no error in allowing the summons to be amended by striking the name of Reuben Atwell and the word "agent," and adding after the name of James Atwell, the words "and John J. Polhill, administrators of Reuben Atwell, deceased," and in refusing to dismiss the case because Reuben Atwell was dead before it was brought.

2. The statute of limitations does not run against an estate from the death of the decedent until the granting of permanent letters of administration. It does not begin to run upon the grant of temporary letters.

Amendment. Pleadings. Justice courts. Administrators and executors. Statute of limitations. Before Judge JOHNSON. Jefferson Superior Court. November Adjourned Term, 1879.

Reported in the decision.

R. W. CARSWELL, by brief, for plaintiff in error.

CAIN & POLHILL, by Z. D. HARRISON, for defendants.

WARNER, Chief Justice.

The bill of exceptions and brief of evidence show the following facts: The plaintiff in error, John Scott, on the 22d day of December, 1870, made and gave to Reuben Atwell, deceased, his six promissory notes, for the aggregate principal sum of $579.75—all of said notes being of said date and becoming due one day after the date thereof. On the 26th day of January, 1875, Reuben Atwell died. Temporary letters of administration on his estate were granted to defendants in error, James Atwell and John J. Polhill, on the 1st day of February, 1875, and permanent letters of administration on said estate were granted to them on the first day of March, 1875. Said administrators

brought suit on the 'six notes in the justice court against·
John Scott, and the original summons in each case was issued·
by the justice of the peace on the 28th day of January,
1877, and was served by the constable on February 20th,.
1877. At the judgment term of said cases in the justice.
court John Scott (the defendant therein) appeared, and by
his counsel confessed judgment in each of said cases, with
the right of appeal, and then appealed said cases to the
superior court of said county.

When said cases came on for trial, at the May term,
1878, of Jefferson superior court, by consent of parties and
counsel, an order was passed by the court consolidating the
six cases, and directing that they be tried as one case. The
case as stated in each original summons was as follows:
" Reuben Atwell *vs.* John Scott, James Atwell, agent."

Counsel for John Scott moved the court to dismiss said
case on the ground that there was no party plaintiff therein,.
it being admitted on both sides that Reuben Atwell had
been dead nearly two years before the suits were brought
in the justice court, which motion was overruled by the
court, and the plaintiffs, on motion of their counsel, were
permitted to amend said summons by striking therefrom
the name of Reuben Atwell and the word "agent," and
inserting in lieu thereof the words "James Atwell and
John J. Polhill, administrators of Reuben Atwell, de-
ceased." The defendant John Scott had filed his plea that.
the right of action on said notes was barred by the statute·
of limitations when suit was instituted upon them in the·
justice court, and on the issue thus made the case pro-
ceeded to trial.

The evidence submitted to the court and jury on the·
trial of said case showed the following statement of facts:.
that the notes sued on were due on the 23d day of Decem--
ber, 1870, and that the summons issued in each case was
dated on January 28th, 1877; that said Reuben Atwell died
either on the night of the 25th or on the morning of the
26th of January, 1875; that temporary letters of adminis-

tration on his estate were granted to said administrators on February 1st, 1875, and that permanent letters of administration on said estate were granted to them on March 1st, 1875. The verdict of the jury, under the charge of the court, was a finding for the plaintiffs of the principal amount due on said notes, with interest from the time they became due.

The defendant, John Scott, filed his motion for new trial in said cases, which was based on the following grounds, to-wit:

1. It appeared by the original summons issued in said case by the justice court, that suit was instituted in the name of Reuben Atwell, plaintiff, *vs.* John Scott, defendant, and after both sides had announced themselves ready for trial, it being proven before the court, and admitted by counsel for plaintiffs, that Reuben Atwell had been dead for nearly two years previous to the date of said summons, counsel for the defendant moved to dismiss said case because there was no party plaintiff to the same, which motion was overruled by the court, and the defendant now says that the court erred in said ruling.

2. The name of James Atwell, agent, appeared in said original summons, and counsel for plaintiffs moved to amend said summons by striking therefrom the name of Reuben Atwell and the word agent, and inserting therein James Atwell and John J. Polhill, administrators of the estate of Reuben Atwell, deceased, so that the plaintiffs in said case, as stated in said amended summons, would be " James Atwell and John J. Polhill, administrators of the estate of Reuben Atwell, deceased," which motion was sustained by the court, and said amendment was made, and the defendant says that the court erred in said ruling.

3. After the evidence had been submitted to the court and jury, and both sides had closed, counsel for defendant moved to dismiss said case on the ground that the notes, the subject matter of the suit, were barred by the statute of limitations at the time the suits were commenced upon them

in the justice court, which motion to dismiss said case was overruled by the court, and the defendant says that the court erred in said ruling.

4. Because the court erred in its charge to the jury, that the statute of limitations was suspended and did not run as against said notes (the subject matter of the suit) during the period of time from the death of Reuben Atwell, the maker thereof, to the granting of permanent letters of administration on his estate.

5. Because the court erred in its charge to the jury, that on the death of Reuben Atwell the statute of limitations, in its application to said notes, was suspended, and did not commence to run again at the time of the granting of temporary letters of administration on the estate of Reuben Atwell, but that said suspension continued until the time of granting permanent letters of administration on his estate, at which time the statute again commenced to run against said notes.

6. Because said verdict is contrary to the evidence.

7. Because said verdict is contrary to the law.

8. Because said verdict is contrary to the law and evidence.

When said motion for new trial was heard, counsel for movant submitted to the court, with the brief of evidence, the affidavit of Bryant McDaniel, who swore that he was an attending physician with said Reuben Atwell during his last illness, and that said Reuben Atwell died on the 26th day of January, 1875.

On the hearing of said motion the same was overruled by the court, on each and all of the grounds stated therein, whereupon the defendant excepted.

1. The suits in the justice court were awkwardly brought, but James Atwell, one of the administrators, was a party plaintiff, and the defendant had filed no plea of misnomer in the justice court, but had confessed judgmen and entered an appeal, and we will not control the discretion of the court below in refusing to dismiss the case and allowing the amendment to be made as set forth in the record.

2. The notes became due on the 23d of December, 1870. The defendant had all of that day to pay them, and the statute did not commence to run in his favor until the 24th of December, 1870. The suit was commenced on the notes on the 28th of January, 1877. Counting out the time during which the statute of limitations was suspended, from the death of Reuben Atwell, the intestate, on the 26th of January, 1875, to the grant of permanent letters of administration on his estate on the 1st of March, 1875, the plaintiffs' action was not quite barred, according to our calculation, at the time of the commencement of the suits on the notes in the justice court, but would have been barred if the running of the statute was only suspended to the time of the granting of the temporary letters of administration on the 1st of February, 1875 ; and the question is whether the running of the statute was suspended from the death of the intestate to the time of the granting of the temporary letters, or to the time of granting the permanent letters of administration. The 2928th section of the Code declares that the time occurring between the death of a person and representation taken upon his estate, shall not be counted against his estate, provided such time does not exceed five years, etc. Whilst it is true that this court has held that a temporary administrator can sue in certain cases, still we think that the above cited section of the Code contemplates a permanent and not a temporary representation upon the decedent's estate before the statute will commence to run against it, and such is the interpretation which we give it.

3. In view of the facts of this case as disclosed in the record, there was no error in overruling the defendant's motion for a new trial.

Let the judgment of the court below be affirmed.