## LANGFORD vs. LANGFORD et al.

A temporary administrator has no right to distribute any portion of his intestate's estate, nor has he the right to agree to sell and distribute the real property thereof; nor can he interfere with the realty for any purpose except to preserve and protect it. A notice which an applicant for dower, under ₰4043 of the code, is required to give to the representative of her deceased husband, must be given to a permanent administrator or an executor appointed under a will. It is not sufficient to give notice to a temporary administrator.

November 28, 1888.

Administrators. Dower. Notice. Before Judge HINES. McDuffie superior court. March term, 1888.

Reported in the decision.

THOMAS E. WATSON, for plaintiff.

No appearance for defendants.

SIMMONS, Justice.

Jane Langford applied for dower out of the estate of her deceased husband, Hillery Langford. Commissioners were appointed and a return made by them, to

which a *caveat* was filed by John E. Langford and others. The first ground of the *caveat* was, that the notice of intention to apply for dower had been served on John E. Langford, temporary administrator of Hillery; the second ground need not be stated, as the ruling of the court upon the first disposed of the case. It was heard and adjudicated on the following facts agreed on : John E. Langford was duly appointed temporary administrator of Hillery, and as such had inventoried the property, sold the personalty, rented the lands, filed a bill for injunction against one judgment creditor, and had interposed an affidavit of illegality to a levy made by another. He had been appointed permanent administrator, but had never qualified. He was still temporary administrator, and was one of the heirs at law.

The court held that, as there was no permanent administration, and the temporary administrator only had been notified of the application, the return of the commissioners should be vacated. The applicant excepted.

Was the court right in this ruling ? We think it was. A temporary administrator is appointed upon an unrepresented estate, "for the purpose of collecting and taking care of the effects of the deceased, to continue . . until permanent letters are granted." He is required, in the discretion of the ordinary, to give "bond, with security, for double the amount of all the personal property belonging to the estate, other than real estate." It is the duty of the temporary administrator thus appointed to collect the debts of the estate, and to take charge of the personal property and preserve the same until a permanent administrator is appointed. In carrying out these duties, he has a right to take all necessary and legal steps for that purpose. He has a right to bring suit for the collection or preservation of any of the personal assets. *Ewing vs. Moses*, 50 *Ga.* 264. He

has a right to file an affidavit of illegality when execution is levied upon the property of the estate. *Reese vs. Burts*, 39 *Ga.* 565. In the case of personal property of a perishable nature, he would have a right, on proper application to the ordinary, to sell the same and keep the proceeds of the sale thereof until the permanent administrator is appointed. · He would have a right to file a bill for the preservation and protection of the property of the estate. *Johnson vs. Brady*, 24 *Ga.* 131. All these questions have been decided by this court; but there is no law and no decision of this court, so far as we have been able to ascertain, that gives the right to the temporary administrator to distribute any portion of the estate; nor is there any law giving him the right to agree to sell and distribute the real property belong-ing to the estate; he cannot interfere with the realty for any purpose except to preserve and protect it. The code, §4043, declares that "the applicant (for dower) shall give written notice to the representative of such estate . . . of such intended application for such assignment of dower"; and it is argued that under this section, the temporary administrator being the representative of the estate, notice to him would be sufficient. If the temporary administrator cannot interfere with the realty for any purpose except to protect it and preserve it, as we have shown, we do not see how notice to him by the widow of her intended application for dower would be a sufficient notice, under this statute. The widow is required to give notice to the representative of the estate, in order that he may contest her right to dower, or the amount allowed her by the commissioners. In this proceeding, he represents the heirs and creditors. If he does not contest her right to dower, or to the amount laid off by the commissioners, he consents, to that extent, to the distribution of the realty of the estate.

In order for this consent to bind the heirs and creditors, we think it must be made by a permanent administrator, who represents in his official capacity not only the personal property but the realty also. The words "representative of the estate," used in section 4043 of the code, *supra*, mean, in our opinion, a permanent administrator, or an executor appointed under a will. It means a person capable of representing the whole estate, and not a part only, as the temporary administrator does. We think, therefore, there was no error in the decision of the court below in holding that this service on the temporary administrator was invalid.

Judgment affirmed.