BAUMGARTNER *v.* McKINNON, administrator.

1. The appointment of a temporary administrator does not constitute "representation" upon the estate of a decedent, within the purview of the Civil Code (1910), § 4376, which provides that "the time between the death of a person and representation taken upon his estate . . shall not be counted against his estate, provided such time does not exceed five years," so as to cause the statute of limitations to begin to run against the estate upon the appointment of such temporary administrator.
2. The decision in *Scott* v. *Atwell,* 63 *Ga.* 764, upon review, is affirmed.
DECEMBER 12, 1911.

The Court of Appeals certified to the Supreme Court the following question: "Does the appointment of a temporary administrator constitute 'representation' upon · the estate of the decedent, within the purview of Civil Code (1910), § 4376, which provides that 'the time between the death of a person and representation taken upon his estate . . shall not be counted against his estate,' for the purposes of the statutes of limitation of actions? In this connection counsel for plaintiff in error has requested the right to review the decision of the Supreme Court in the case of *Scott* v. *Atwell,* 63 *Ga.* 764, for the purpose of having the·same modified or overruled."

*R. D. Meader,* for plaintiff in error.   *H. F. Dunwody,* contra.

LUMPKIN, J.   It is true that the code declares that a temporary administrator may sue to recover debts due the estate (Civil Code

(1910), § 3937) ; and upon the general analogy of the law that where a person has the capacity to sue, and fails to exercise the right, the statute of limitations will run against him, an argument may be based that, on account of the provision of this section, the right and duty are correlative, and the statute runs against the estate. But, on the other hand, the section of the code to which reference has been made arose, not from legislative enactment, but from the codification of the decision in *Ewing* v. *Moses, 50 Ga. 264.* The decision in that case was rendered before the one in *Scott* v. *Atwell, 63 Ga. 764.* The opinion in the case last cited expressly referred to the fact that the court had held that temporary administrators had the right to sue in certain cases, but nevertheless construed the statute suspending the running of the statute of limitations against an estate until "representation taken," provided the time elapsing was not greater than five years, to refer to the grant of permanent letters. The members of the court doubtless had before them the decision in the 50 *Ga.,* supra, as well as other cases, at the time this construction was placed upon the statute; and we do not think that the codification of the decision in the 50 *Ga.,* and the adoption of the code containing that provision, is sufficient to change the ruling thus made.

A temporary administrator occupies a somewhat peculiar position. He is appointed to act only until a permanent administrator is appointed, for the purpose of collecting and taking care of the effects of the deceased; and from the order appointing him no appeal is allowed. Civil Code (1910), § 3935. By the Civil Code (1910), § 3936, he is required to give a bond for double the amount of the personal property; but it has been held that no action can be brought on the bond until the appointment of a permanent administrator. *Webster* v. *Thompson, 55 Ga. 431.* His duties are principally of preservative character. *Banks* v. *Walker, 112 Ga. 542* (37 S. E. 866) ; *Neal* v. *Boykin, 129 Ga. 676, 682* (59 S. E. 912, 121 Am. St. R. 237). A permanent administrator is required to give bond in a sum equal to double the amount of the estate to be administered. Civil Code (1910), § 3972. A temporary administrator may take steps with a view of collecting and preserving the estate, including certain litigation; but he is not clothed with the full power of a permanent administrator. Thus, he can not sue for the recovery of land. *Banks* v. *Walker,* supra. He can not

distribute the estate; nor will notice to him of an application for dower be sufficient. *Langford* v. *Langford, 82 Ga.* 202 (8 S. E. 76). Section 3997 of the Code of 1910 declares that an administrator shall be allowed twelve months from the date of his qualification to ascertain the condition of the estate, and that creditors failing to give notice within that time lose all rights to an equal participation with creditors of equal dignity to whom distribution is made before notice of such claim is brought to the administrator. Evidently this did not contemplate a temporary administrator, who had no right to make any distribution. The language of the Civil Code (1910), § 4377, touching the suspension of the statute in favor of an estate, is the same as that relating to the running of the statute against it. If the estate could practically be wound up by litigation pro and con with a temporary administrator, and the statute of limitations be applied to such administrator as well as to a permanent one, section 3997 would be of little avail to the estate. Moreover, a judgment against an administrator is conclusive evidence that he has in his hands assets of the decedent, if he fails to plead plene administravit or plene administravit præter. Neither of these pleas could be filed by a temporary administrator. It will thus be seen, that, comparing the functions of a temporary administrator with those of a permanent administrator under the statutes of this State and the decisions construing them, it would produce much confusion and conflict to hold that the estate should be barred by the omission of the temporary administrator to sue.

The ruling announced in the first headnote follows the decision in *Scott* v. *Atwell, 63 Ga.* 764; and that decision answers the question propounded by the Court of Appeals, unless, upon review, it is overruled or modified by this court. Upon request of counsel, the Court of Appeals has certified the question to this court, so that application may be made for such a review. The decision mentioned was rendered in 1879, and has stood unquestioned from that time until the present. Upon a review of it, we decline to modify or overrule it.                    *All the Justices concur.*