We think that the functions of a temporary administrator are in the nature of a caretaker to hold and protect the estate to prevent waste pending the appointment of a permanent administrator, with the right and power to sue for the collection of debts or to recover personal property of the intestate; that — his function being thus prescribed, and his bond being limited to cover only twice the value of the personalty belonging to the estate, as distinguished from the bond of a permanent administrator who is required to give bond in double the amount of the entire estate, realty and personalty — he is unauthorized to represent so as to bind the estate in any counterclaim not purely defensive to any action which he is authorized to maintain; but that, upon the filing of a counterclaim seeking to set up a liability against the estate to which both its realty and personalty will be subjected, the action became automatically *Page 50 
stayed until a permanent administrator has qualified and given the bond required of him in accordance with law. In other words, it is our opinion that the power of a temporary administrator to conserve the estate by collecting debts and recovering personal property does not clothe him with power and authority to represent the estate in suits against it, even by way of counterclaim, which could set up and establish liabilities that might operate to establish claims against the estate such as might exhaust its assets both real and personal; especially so, since as temporary administrator the beneficiaries of the estate are unprotected against any possible malfeasance of a temporary administrator by any bond, save and except to the extent of twice the value of the personal property only. See generallyBaumgartner v. McKinnon, 137 Ga. 165, 166 (supra).