37966. COTTON STATES MUTUAL INSURANCE COMPANY *v.* TABOR, Temporary Administrator.

CARLISLE, Judge. 1. Under previous rulings of this court, an action to recover under the provisions of a policy of insurance issued to a county school board covering a school bus, or buses, insofar as such action is founded upon the coverage afforded to the children carried by such bus, or buses, is an action ex contractu on the insurance policy and not ex delicto to recover for the negligence of the school bus driver or of the school board. *Jones v. State Farm Mut. Automobile Ins. Co.,* 100 *Ga. App.* 727. Under such ruling the suit being one on an insurance policy where no beneficiary is named, and where the child for whose benefit the action is brought is dead, the cause of action lies in the estate of the deceased insured and as such it

may be maintained by the temporary administrator for whom the permanent administrator may be substituted upon his appointment. *Reese* v. *Burts,* 39 *Ga.* 565; *Langford* v. *Langford,* 82 *Ga.* 202 (8 S. E. 76); *Banks* v. *Walker,* 112 *Ga.* 542, 544 (37 S. E. 866); *Baumgartner* v. *McKinnon,* 137 *Ga.* 165 (73 S. E. 518, 38 L. R. A. (NS) 824); s.c. 10 *Ga. App.* 219 (73 S. E. 519); *Grooms* v. *Mixon,* 150 *Ga.* 335 (103 S. E. 845); *Hutcheson Mfg. Co.* v. *Chandler,* 29 *Ga. App.* 726 (116 S. E. 849).

2. Where in an action of the nature indicated in the headnote above, the petition alleged that the policy of insurance was procured by the board and issued by the company pursuant to the provisions of the act approved February 25, 1949 (Ga. L. 1949, p. 1155), an action may be maintained and a recovery had by the school child, or its legal representative, for the full amount of the coverage of insurance provided by such policy and is not limited merely to the amount provided in a medical payments indorsement attached thereto. *General Accident &c. Assurance Corp.* v. *Fountain,* 100 *Ga. App.* 802. See also *Cotton States Mut. Ins. Co.* v. *Keefe,* 100 *Ga. App.* 715 and *Jones* v. *State Farm Mut. Automobile Ins. Co.,* supra.

3. It follows that the trial court did not err in overruling the general demurrers to the petition or in refusing to strike from the petition the allegations seeking to recover in excess of $500 coverage provided by the medical payments indorsement.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED DECEMBER 4, 1959—REHEARING DENIED DECEMBER 16, 1959.

*Eberhardt, Franklin, Barham & Coleman,* for plaintiff in error.
*A. L. Kelley, Jr., Steve F. Mitchell, Robt. R. Forrester, Farkas, Landau & Davis,* contra.