### 20820. COTTON STATES MUTUAL INSURANCE COMPANY *v.* TABOR, Administrator.

ALMAND, Justice. Cotton States Mutual Insurance Company on August 29, 1958, issued to the Board of Education of Tift County a standard liability policy of insurance, covering school buses operated by the board for a period ending May 29, 1959. Leroy Tabor, as temporary administrator of the estate of Leroy Tabor, Jr., filed a suit against the insurance company, alleging that the defendant was indebted to the estate in the sum of $10,500 ($10,000 representing the limit of coverage by reason of death, and $500 as medical expenses). A copy of the insurance policy was attached to the petition. It was alleged that Leroy Tabor, Jr., while being transported by one of the school buses insured by the defendant on March 3, 1959, met his death due to an accident. The general and special demurrers of the defendant were overruled. The oral motion of the defendant to strike all allegations and prayers of the plaintiff for damages in excess of $500 (medical-expense coverage) was denied. The Court of Appeals in affirming the orders of the trial court (*Cotton States Mutual Insurance Co. v. Tabor,* 100 *Ga. App.* 844, 112 S. E. 2d 621) held: (a) That under the provisions of the insurance policy issued to the County Board of Education, the action by the temporary administrator of the estate of the deceased child, who was killed while riding as a passenger in a school bus, to recover under the provisions of the policy, was an action ex contractu; and (b) that, under the act of 1949 (Ga. L. 1949, p. 1155; Code, Ann., § 32-429), such action may be maintained by the legal representative of the child directly against the insurance company for the full amount of the coverage of insurance as provided by such policy. The application of the insurance company for the writ of certiorari, assigning error on these rulings, was granted. *Held:*

Under the rulings of this court in *Cotton States Mutual Insurance Co. v. Keefe,* 215 *Ga.* 830 (113 S. E. 2d 774), which are controlling here, the Court of Appeals erred in affirming the orders of the trial court.

*Judgment reversed. All the Justices concur, except Quillian, J., disqualified.*

ARGUED MARCH 14, 1960—DECIDED APRIL 7, 1960—MOTION FOR CLARIFICATION DENIED APRIL 27, 1960.

Eberhardt, Franklin, Barham & Coleman, Dunaway, Embry & Shelfer, for plaintiff in error.

A. L. Kelly, Jr., Steve F. Mitchell, Robt. R. Forrester, Farkas, Landau & Davis, contra.