BENNIE J. WATHEN, BY HER NEXT FRIEND, JAMES GOOD-
RUM, *v.* MARY GLASS ET AL.

1. RENTS OF MORTGAGED LAND.  *Mortgagor's heir.  Foreclosure.*
    Rents which accrue after the mortgagor's death and before entry go
    to his heir; nor does a decree of foreclosure *proprio vigore* entitle
    the mortgagee thereto.

2. SAME.  *Accountability of executrix of mortgagor's administrator.*
    The executrix of one who, collecting the rents while administrator of the
    mortgagee and mortgagor, and guardian of the latter's heir, has par-
    tially accounted therefor with the mortgagor's estate, is accountable
    to his heir for the balance.

3. SAME.  *Tortious collection.  Relation back.*
    Such executrix is responsible to the mortgagor's heir for rent collected
    by herself; nor will her subsequent qualification as administratrix
    of the mortgagee relate back so as to change her liability.

4. SAME.  *Accountability of mortgagee's administratrix.*
    But rents collected by her after filing a bill to revive a decree foreclosing
    the mortgage, and becoming the mortgagee's administratrix to aid
    his heir in availing thereof, are a credit on the mortgage debt for
    which she is accountable to said heir.

5. POSSESSION OF LAND.  *Rule for determining its character.*
    Possession will be esteemed as held under a title devolved on the pos-
    sessor which relieves it of its tortious character.

6. ADMINISTRATION BOND.  *Liability of sureties.*
    *Semble*, That an administrator's sureties are not liable for collections
    made before his appointment.

APPEAL from the Chancery Court of Warren County.

Hon. UPTON M. YOUNG, Chancellor.

*Buck & Clark*, for the appellant.

1. J. B. Wathen held the land in right of his ward, Mary
Glass.  As administrator of the mortgagor and mortgagee, he
had no right to it.   On Bain's death, the mortgage debt not
being due, the legal title under our statute, Code 1857, p. 308,
art. 12, descended to Mary Bain, his heir.   The presumption
is inevitable that J. B. Wathen received the rents as guardian.
*Trotter* v. *Trotter*, 40 Miss. 704; Tyler on Ejectment, 117, 858,

860, 874, 876, 877; 3 Wash. on Real Prop. (3d ed.) 129; *Griffin* v. *Sheffield*, 38 Miss. 390; *Day* v. *Cochran*, 24 Miss. 261; 2 Perry on Trusts, § 863.

The administrator of the mortgagee differs from the mortgagee, in that he has not the legal title after condition broken; nor can he enter or bring ejectment, but must go into equity to make the mortgage available. There he cannot demand an appropriation of rents, except by showing that the *corpus* of the estate is insufficient to pay the debt, and that the mortgagor is insolvent. *Whitehead* v. *Wooten*, 43 Miss. 523; *Myers* v. *Estell*, 48 Miss. 373.

2. After J. B. Wathen's death, Mrs. Laura Wathen, the widow, was a mere naked possessor, a stranger in law to the appellant; and the rents appropriated by her were taken on her own behalf, and not by virtue of any relation which can make them chargeable to the appellant. 3 Black. Com. 176. This is equally true of the year's rent received after she took letters on the estate of Eliza J. Wathen. Those letters gave her no estate or interest in the land, nor any right of entry or possession. In qualifying as administratrix she surrendered none of her own rights.

Even if Mrs. Wathen was executrix *de son tort* of Eliza J. Wathen, it does not follow that the rents received by her are to be charged to the mortgage debt. The authority of a wrongful executrix is not higher than that of a rightful administrator.

3. Counsel then reviewed the facts at length, contending that J. B. Wathen and Laura Wathen were not mortgagees in possession, as shown by their contemporaneous acts and declarations, which the court would consider in determining the character of their possession. Tyler on Ejectment, 858.

*Pittman & Pittman*, for the appellees.

1. The counsel for the appellant will admit these principles: 1. That not only must a mortgagee in possession account for rents, but a mortgagee who *receives* rents must account for them, in a bill to redeem, whether he was in actual possession or not. 2. That he will not be allowed to dispute the mortgagor's title; that is, to claim that he receives the rents under any other title than that of mortgagee. 3. That the mortgagee's

possession is not adverse to that of the mortgagor. 4. That the mortgage debt is a chattel, and goes to the administrator, and not to the heir; and that equity will compel the heir to convey to the administrator the fee in the mortgaged premises, when it is necessary, in order that the administrator may recover possession thereof from the mortgagor. 1 Hilliard on Mortgages, 236; 1 Lomax Dig. 395; *Griffin* v. *Lovell*, 42 Miss. 402.

We will now state a few principles of law, as well established as the foregoing, but not admitted by the appellant's counsel; viz.: 1. Before forfeiture the mortgagee may claim that his possession is not in right of the mortgage; but after forfeiture his possession is under his title, and if he receives the rents and profits he must be deemed to have received them as mortgagee, unless there be plenary proof that he disclaimed that character, and has accounted for them as a stranger-agent. 1 Hilliard on Mortgages, 449; *Dexter* v. *Arnold*, 1 Sumner, 116. 2. The mortgagee who receives rents must apply them to the mortgage, and not otherwise. 1 Hilliard on Mortgages, 452, 453. 3. Where one party represents two estates, and has property in his hands which he might claim in either capacity, he will be held in equity to hold in that right under which in good conscience he ought, without reference to his own intention. *Draughen* v. *French*, 4 Porter, (Ala.), 352; *McLane* v. *Spence*, 6 Ala. 894.

2. Counsel then applied the foregoing principles to the facts of this case, contending that, no matter how a mortgagee has taken possession, after condition broken he must be deemed to hold as mortgagee and not otherwise, *Dexter* v. *Arnold*, *ubi supra;* 1 Hilliard on Mortgages, 449; and drawing from the law and facts, the conclusion that the pretence that J. B. Wathen held possession of the mortgaged premises after condition broken and decree of foreclosure, as the guardian of Mary Glass, appellee, cannot be sustained.

The counsel for the appellant contend that the administrator of the mortgagee occupies a different position from the mortgagee; but they show no authority for this, nor an application thereof to this case, if true. At common law, the administrator was entitled to the rents; and the heir would be compelled to

convey the legal title to him, for the purpose of enabling him to receive them. 1 Lomax Dig. 395. But under our statute, Code 1871, § 2295, the administrator would have the right of entry at law. *Smith* v. *Dyer*, 16 Mass. 21; *Dewey* v. *Van Deusen*, 4 Pick. 19; *Hathaway* v. *Valentine*, 14 Mass. 500; *Griffin* v. *Lovell*, 42 Miss. 402.

3. As to the capacity in which Mrs. Laura Wathen received the rents, there can be no reasonable dispute, from her filing the bill to revive the decree of foreclosure. Subsequently, by taking out letters, she legalized her collection of the rents. 1 Lomax on Executors (2d ed.), 183, 368; *Pyne* v. *Walland*, 2 Vent. 37; 3 T. R. 587; *Alvord* v. *Marsh*, 12 Allen (Mass.), 603; *Shillaber* v. *Wyman*, 15 Mass. 322; *Priest* v. *Benson*, 2 Hill, 225; *Rattoon* v. *Overacker*, 8 Johns. 126.

*Buck & Clark*, for the appellant, in reply, in an elaborate brief, reviewed the authorities in the brief of adverse counsel, and cited Angell on Lim. §§ 166, 468; *Buckingham* v. *Walker*, 48 Miss. 609; *Myers* v. *Estell*, 48 Miss. 372; *Trotter* v. *Trotter*, 40 Miss. 704. As to the receipt of the rents, no man can be executor *de son tort* in regard to land. *Nass* v. *Vanswearingen*, 7 S. & R. 192; *Green* v. *Dewit*, 1 Root, 183; Code 1871, § 1785. If this were otherwise, Mrs. Wathen would have been executrix *de son tort*, not of the mortgagee, but of James Bain, whose land it was.

SIMRALL, C. J., delivered the opinion of the court.

This litigation was originally begun by a suit brought by Laura Wathen, executrix of J. B. Wathen, deceased, to revive a decree which her testator had obtained as administrator of his deceased wife, Eliza J., foreclosing a mortgage executed to her by James Bain. J. B. Wathen was the administrator of Bain, the mortgagor, and also administrator of Eliza J., the mortgagee, and guardian of the infant daughter, and sole heir of the mortgagor, now Mrs. Glass, the complainant in the cross-bill. After the death of J. B. Wathen, Mrs. Laura Wathen, his widow, who had become his executrix, exhibited her bill in that capacity to revive the decree obtained by her husband, and to have execution of it. To that bill Mrs. Glass and her husband were made defendants. In their response to

this bill they pointed out the incapacity of Mrs. Wathen as executrix of her deceased husband to maintain the suit, there being no privity between her and the estate of the mortgagee.

In order that she might aid the party interested in the mortgage debt and the foreclosure decree (as stated in the answer and cross-bill of Mrs. Glass), she abandoned her suit, and took out letters of administration on the estate of Eliza J. Wathen, so that she might be made a party to a bill intended to be exhibited by Bennie J. Wathen, the minor daughter and only heir of Eliza J., the mortgagee. Bennie J. Wathen, by her *prochein ami*, filed the contemplated bill against Mrs. Laura Wathen, administratrix of Eliza J., deceased, and Mrs. Glass and her husband, setting out the proceedings and rendition of the decree in the suit brought by J. B. Wathen in his lifetime, and seeking to have the benefit of the decree by a revivor and enforcement of it. To that bill Mrs. Glass made her answer a cross-bill, in which she sought to redeem the property. She claims that J. B. Wathen collected the rents of the property in his lifetime. Since the rendition of the decree, in the fall of 1870, he received twenty bales of cotton, worth $1,600; in 1871, $800, and the like sum in 1872; that Laura Wathen, as administratrix *de bonis non* of Eliza J. Wathen, received rents for the years 1873 and 1874, $800 each year, and will receive the like sum in 1875. The answer of Bennie J. Wathen to the cross-bill insists that she is not chargeable for rents received by J. B. Wathen in his lifetime, and by Laura Wathen since his death; that the former collected in his capacity as guardian for the cross-complainant; that she "does not know in what right Mrs. Wathen collected rents," but protests "that they ought not to be credited on the mortgage debt." Mrs. Glass subsequently abandoned claim for credits on the debt prior to the date of the decree, and waived objection to the capacity of Bennie J. Wathen to bring the suit. Mrs. Wathen in her answer admits the collection of the rents since the death of her husband, but avers that she took possession of the property as widow; "that she had reason to believe, and did believe, that her husband had never parted with his title in good faith and for a valuable consideration, and that therefore she was equitably entitled to the rents in her own right."

The case was submitted to the Chancellor on documentary evidence, depositions and an agreed statement of facts, which also contained a waiver of objection to the right of the complainant, Bennie J. Wathen, to bring the suit. Appeal was taken from the decretal order of the Chancellor declaring the rights and responsibilities of the several parties, in the form of instructions to the master in taking the account. The court declared that Mrs. Glass was entitled to redeem on payment of the balance of the debt, and that, to ascertain that balance, the debt should be credited with all the profits which had accrued to J. B. Wathen or Laura Wathen since the date of the decree, less the taxes paid and cost of permanent improvements. The master was directed to state an account on those principles. It is complained in this court that the Chancellor misconceived the rights of the parties.

It has been repeatedly announced in this court as the true doctrine that the mortgagor is the real owner of the property transmissible from him by descent, devise or deed; and that the legal title, which at law becomes absolute in the mortgagee after condition broken, will be treated as vested for the purpose of giving him the full benefit of his security. When, therefore, the mortgagee enters, as he may after the law-day, he holds so as to realize out of the income his debt; and when that has been satisfied, he holds as trustee for the mortgagor, to whom he shall account. The mortgagee has not such estate as may be assigned independently and apart from the debt. This cannot be done by sale under attachment or judgment. *Strickland* v. *Kirk*, 51 Miss. 795; *Clark* v. *Wilson*, 53 Miss. 119, 129. The mortgagee, unless he has stipulated for the rents, has no claim to them merely because the debt is past due. So long as the possession of the mortgagor is undisturbed, he may rightfully enjoy the income. One of the remedies of the mortgagee is to enter or recover possession at law, so that he may receive the income in liquidation of his debt. But until he does, in the one mode or the other, obtain the possession, he cannot appropriate the profits, or call upon the mortgagor to account for them. *Myers* v. *Estell*, 48 Miss. 372, 401. Our statute from an early day has been declaratory of this equitable doctrine, and made the title of the mortgagor good at law against everybody except the mortgagee after condition broken.

As shown by the transcripts from the Probate Court, J. B. Wathen controlled the mortgaged property, collected and accounted for the rents as the representative of the mortgagor Bain, and his heir Mary, now Mrs. Glass. His accounts as administrator and guardian show that although he became administrator of his deceased wife Eliza, the mortgagee, at the same term of the court at which he qualified as administrator of Bain and guardian of his daughter, he elected, in accordance with the clear rights of those interested in Bain's estate, to hold the property and its income for their account. It would follow, therefore, that Mrs. Wathen, as executrix of J. B. Wathen, is accountable to Mrs. Glass for all the rents received by her husband and testator after the date of the decree and not accounted for by him. Those receipts ought not to be charged against the complainant, Bennie J. Wathen, in reduction of the mortgage debt. The income belonged to the heir of the mortgagor, and not to the personal representative or heir of Eliza J. Wathen, the mortgagee.

Mrs. Laura Wathen was not appointed administratrix *de bonis non* of Eliza until 1874, two years or more after the death of her husband, yet she was in possession of the property and receipt of the rents during that interval. She asserts a right to the income as widow on the pretext that her husband was the real owner of the property, although she professes a willingness that the property may be sold under the decree, and the title be bought in for the heirs of her husband. It is manifest, under the principles which we have stated, that she would be responsible to the owner of the estate for the rents; and to the heir of Bain (being a minor), under the rule laid down in *Carmichael* v. *Hunter*, 4 How. (Miss.) 308, she would have been answerable as trustee or bailiff in a Court of Chancery.

But she continued, after her appointment as administratrix *de bonis non* of Eliza J. Wathen, to control the property and collect the rents. To whom is she responsible for these rents? Taking the other disclosures of the record in connection with Mrs. Wathen's answer, and it is plain that she did not consider that she had a claim in her own right to the rents. Such pretension is not compatible with her conduct in attempting to

obtain the aid of the court to enforce the decree rendered at the suit of her husband, nor with her acceptance of the office of administratrix of Eliza J. Wathen, so as to facilitate the heir of said Eliza in reviving that decree.

Where the possession of a party may be referred to a title which has been devolved upon him, and which relieves the possession from its tortious character, the possession will be justified by the title or be esteemed as held under it. Mrs. Wathen, having obtained possession of the premises in the first instance without right, would not be permitted as against those who succeeded to the estate of Eliza, after she became her administratrix, to assert that she continued to hold in her own wrong. In her representative capacity she was the owner of the debt, the creditor of the mortgagor, and could rightfully receive the proceeds of any security for its payment. Inasmuch as the debt belonged to the administrator, to be administered according to law, so would the mortgage, which is but a security for it. *Smith* v. *Dyer*, 16 Mass. 17, 20. If the heir of the mortgagee might get possession of assets thus secured, and collect the money, it might be to the serious detriment of the creditors. We think that Mrs. Wathen is estopped, under the circumstances of this case, to deny that her collections of rent were in her capacity as administratrix. She had thus a right in law to collect the debt due to her intestate, and, as incident to that, to whatever inured from the security.

But it was suggested by counsel that she ought to be chargeable with rents received prior to her appointment as executrix *de son tort* of the said Eliza, and that her subsequent qualification under the law ought to make valid her tortious acts. An executor *de son tort* is one who intermeddles with the goods of a decedent by an appropriation of them. But rent which accrues after the death of the ancestor constitutes no part of his estate; it belongs to the heir as an issue out of land which has come to him by inheritance. But, further, would the sureties of Mrs. Wathen be liable on the bond for such collections as were made before she was invested with the office of administratrix, and when she had no legal authority? We think not. Rent, however, which was due in the lifetime of the ancestor belongs to the administrator.

Counsel for the appellees seem to suppose that the decree of foreclosure in 1870, *proprio vigore*, wrought such change in the rights of the parties as to make the mortgagee from that time owner of the rents, though not entitled to them before. But until the equity of redemption is extinguished by an actual foreclosure, or until the mortgagee actually enters, the mortgagor and those who are in under him are, in contemplation of law, taking the profits to his and their own account. *Mayo* v. *Fletcher*, 14 Pick. 525, 531; *Clarke* v. *Curtis*, 1 Gratt. 289; *Ewer* v. *Hobbs*, 5 Met. (Mass.) 1, 3.

We think that these conclusions follow from the foregoing views : —

1. The estate of J. B. Wathen, deceased, ought to account to Mrs. Glass, the heir of Bain, for all rents received by him after the date of the decree, the agreement of solicitors precluding inquiry further back than that.

2. Mrs. Wathen, administratrix *de bonis non* of Eliza J. Wathen, deceased, is liable to account to Bennie J. Wathen, the heir of the said Eliza, for rents collected after her appointment ; and such receipts are a proper credit in behalf of Mrs. Glass on the mortgage debt.

3. Mrs. Wathen is personally liable to Mrs. Glass for the rents received by her after the death of her husband and before her appointment as administratrix of said Eliza. But such receipts are not in diminution of the mortgage debt, or a credit upon it.

After the foregoing conclusions had been announced, counsel on both sides were dissatisfied, and have, under a recent rule of the court (see 53 Miss. p. iv.), furnished us with written arguments in support of their respective objections.

For the appellees it is urged that the mortgage debt should be credited with the rents collected by J. B. Wathen in his lifetime, and his widow Laura after his death, for the two years preceding her appointment as administratrix of the mortgagee Eliza. We never entertained a doubt on that subject, and are confident that the opinion announces the law correctly on those points.

The only part of the case which gave us any trouble was the question whether Mrs. Wathen, after she became adminis-

tratrix *de bonis non* of Eliza, could be held responsible.   Of that we had grave doubt ; and I must confess that a reconsideration has not removed it from my mind, but rather strengthened it.   The court has determined, however, to adhere to the conclusion first announced.

*Decree reversed, and cause remanded.*