### C. W. JOHNS ET AL. *v.* WILLIAMS & BLACK.

1. CHANCERY. *Jurisdiction: Enforcement of trust.*

> The chancery court has jurisdiction of a suit by equitable owners of land to cancel a lease made by their trustee in consideration in part of the latter's private debt to the lessee, and for the enforcement of the trust upon which the land is held for them.

2. INFANTS MAY FOLLOW TRUST FUNDS.

> Infant owners of land, whether by legal or equitable title, may sue in the chancery court to charge as trustee one who has received the rents and profits of their lands.

APPEAL from the chancery court of Hinds county, second district.

HON. WARREN COWAN, Chancellor.

The appellants, complainants in the chancery court, exhibited this bill against their mother, Ellen Johns, and Williams & Black. The bill alleges that complainants are minors, except one of them who has just became of age, and that they have not had a guardian; that the land in controversy was originally owned by one Moffett, and was by him conveyed in 1873 to Ellen Johns, in trust for the use of her children. The deed recites that the grantor (Moffett), " for and in consideration of the sum of one thousand dollars, cash

in hand paid, and in consideration of the love and affection he bears toward the said Ellen Johns (his daughter), doth grant, give, alien, and convey, bargain and sell to the said Ellen Johns, in trust for her children in fee simple, all his right, title, and interest, etc.," in the lands in question, " and the said Moffett hereby gives, aliens, conveys, bargains, and quit claims all his right, title, and interest to said land to the said Ellen Johns for the use and benefit of *himself* and her children in fee simple."

Complainants aver that they are the only living children or descendants of said Ellen Johns; that Moffett died intestate in 1878; that under said conveyance they were vested with the entire beneficial interest in the lands with merely the naked legal title in their trustee, Ellen Johns; that they have been entitled to the rents and profits of the land.   That the rents since the date of the deed have been collected by said trustee and applied by her to the payment of a debt due by her individually to defendants, Williams & Black; that said trustee in 1886 leased the lands to Williams & Black for a term of three years.   The lease, which was signed by Ellen Johns for herself as trustee, recited that it was for the consideration of eighty-five per cent. of all the rents accruing from the use of the plantation, to be paid, less improvements and taxes, upon an indebtedness due by Ellen Johns, and Ellen Johns, trustee, to Williams & Black, and two hundred and forty dollars each year to be paid to " Ellen Johns, and Ellen Johns, trustee for her children."

Complainants allege that this lease was executed by collusion with Williams & Black, and that the two hundred and forty dollars annual rental was to be paid to Ellen Johns individually for her own use, and the residue of rents to be applied to her individual indebtedness to Williams & Black; that in pursuance of this scheme Williams & Black have collected the rents for 1887, and purpose to collect them for 1888 and 1889; that Ellen Johns is wholly insolvent.   The prayer of the bill is, that each of the defendants discover fully as to the amounts of rents received by them, and that they be required to pay the same to complainants, and that the lease be cancelled.

The defendant, Ellen Johns, suffered a *pro confesso* decree to be taken against her.  Williams & Black demurred to the bill, and for causes of demurrer allege : (1) The bill shows no equity upon its face.  (2) Complainants have full relief at law.  (3) The bill does not ask for relief against Ellen Johns, who has been disposing of the rents and who is trustee.  (4) The bill does not show that Mrs. Johns is insolvent and cannot account for the rents, but shows that as heir of Moffett she owns an interest in the land and is a tenant in common with complainants.

The chancellor sustained the demurrer and dismissed the bill as to Williams & Black, and complainants appealed.

*F. B. Pratt*, for appellants.

It is perfectly manifest that under this deed Ellen Johns was made a dry, naked trustee, with no powers of managing or disposing of the estate, and that she is liable to the beneficiaries in said deed for all the rents and profits of the estate received by her.  This will probably not be denied.  Perry on Trusts, §§ 520, 521 ; Hill on Trustees 316, 399, 460 ; *Clark* v. *Wilson*, 53 Miss. 126 ; *Dibrell* v. *Carlisle*, 57 Miss. 785 ; *Dibrell* v. *Carlisle*, 48 Miss. 704 ; *Tucker* v. *Cocke*, 32 Miss. 184.

It does not change the rule, the fact that the beneficiaries are all infants, and that said Ellen is their mother.  A guardian should have been appointed to control and manage and collect the rents for them, and account to the proper court.  Perry on Trusts, 520, 608.

Williams & Black were chargeable with notice of the want of authority in Ellen Johns to encumber the estate.  They dealt with her as trustee, and must know the extent of her authority.  That complainants are entitled to *some* process of law or equity to cancel the lease and collect from Williams & Black the amounts received by them, admits of no doubt.  *Blackshead* v. *Burke*, 74 Ala. 241 ; 65 Ala. 583 ; *Owen* v. *Reed*, 27 Ark. 122 ; *Williams* v. *Bank*, 2 Atl. Rep. 835 (Md.) ; *Prewett* v. *Land*, 36 Miss. 505.

Conceding that Ellen Johns at the death of her father, Moffett, became a tenant in common with complainants, this would not entitle her to bind their interest, or do anything to their prejudice.

A lease by one tenant in common of the whole premises is void as against the co-tenant.    Wait's Ac. & Def. 4, p. 176, 178 ; Freeman on Co-tenancy, § 182.    The complainants have been in this court before in reference to this plantation, and it was then settled so as to dispose of the point that there is no equity on the face of the bill.    *Johns* v. *Smith,* 56 Miss. 731.

An action of ejectment could not settle all the rights of complainants, nor could a suit at law against the trustee or Williams & Black.

The chancery court is the proper forum.    Perry on Trusts, §§ 166, 167, 211, 217 ; *Davidson* v. *Wallace,* 53 Miss. 475 ; *Calhoun* v. *Burnett,* 40 Miss. 601 ; *Johns* v. *Smith,* 56 Miss. 731.

The word " himself " in the deed should be stricken out as surplusage—as inconsistent with and repugnant to the recitals in the deed, and contrary to its evident meaning.    The granting clause controls.    The *habendum* is no essential part of the deed, and may be rejected if repugnant to the other claims of the deed.    Where there is a direct limitation in the words of a grant, and there is a conflict between them and the *habendum,* the latter must yield.    1 Devlin on Deeds, §§ 213, 215 ; *Farquharson* v. *Eichelberger,* 15 Md. 63 ; *Major, Adm'r,* v. *Bukley,* 51 Mo. 227 ; *Budd* v. *Brooke,* 3 Gill 236 ; *Flagg* v. *Eames,* 40 Vt. 23.

It is plainly repugnant to the scheme of the grantor, apparent on the deed, to reserve any interest in himself, to descend to his heirs. The deed should be construed most strongly against the grantor. *Williams* v. *Claiborne,* 7 S. & M. 493.

*F. B. Pratt* argued orally.

*C. M. Williamson,* for appellees.

The simple question in this case is as to whether the deed from Moffett to Mrs. Johns, his daughter, gives to her the land in trust for herself and children, with the right to possession, management and user, or whether it conveys to Mrs. Johns the naked legal title, with the right to possession, user and beneficial enjoyment wholly in her children.

If the force and effect of the deed be to give the full title to the children, and they are entitled to the possession and use, then their

remedy at law is complete. They can sue in ejectment and obtain rents, or sue the defendants for the use and occupation of their land, and thus by judgment at law obtain all the relief sought in this bill in equity. A court of equity has no jurisdiction if the remedy at law is complete. 1 Geo. 27 ; 5 Ib. 17 ; 4 Cush. 257 ; 9 Geo. 182 ; 50 Miss. 368 ; 52 Miss. 118.

But the deed conveys to Mrs. Ellen Johns the fee simple title of the property for the use of herself ("himself") and her children.

Unquestionably Moffett intended by this deed to convey the land to Mrs. Johns, for the use of *herself* and children. The word *himself* is clearly a clerical error, and was intended for *herself*. The consideration expressed shows this: "in consideration of the love and affection he bears toward the said Ellen Johns (his daughter), the said Moffett doth grant, etc."

If this be true, then Mrs. Johns is not merely a trustee but has a beneficial interest in the property and is a tenant in common with her children.

Or if it be accepted that the word himself was used designedly, and that the grantor conveyed the land in trust partly for himself, still Mrs. Johns has an interest in the land, because Moffett died intestate, leaving her as his daughter and an heir at law. She inherited from him the interest reserved to himself. So that it is not true that Mrs. Johns is a dry, naked trustee. "If a grant be to the use of a trustee and his children or heirs, the title and the primary use will both be vested in the trustee ; and though there is a trust or use over to some other person, yet it will not be affected by the statute of uses." 1 Perry on Trusts, §§ 396, 329 and cases cited ; *Mayfield* v. *Kilgour*, 21 Md. 241 ; 55 Pa. St. 70 ; *Tidd* v. *Lister*, 3 Madd. 432 ; 22 Gratt. 396.

Where the trustee has a beneficial interest in the estate he is entitled to the management, possession and control of the property. Mrs. Johns having such beneficial interest and possession and control, had a right to lease the land to Williams & Black, and collect the rents both as trustee and tenant in common. A co-tenant has the right to enter and hold exclusive possession of the common property, and by cultivation to make profit and retain the whole

of the same, provided there has been no ouster.    Freeman on Co-Ten. and Part., § 258.    If appellants could not collect the rents from their co-tenant, much less can they ask a decree against Williams & Black, to whom Mrs. Johns delivered them in payment, not of an individual debt, but of a debt due by her as trustee.    The bill does not pretend that there has been an ouster.

I contend, therefore, that if appellants have any remedy it is at law; that Mrs. Johns had a beneficial interest with the right to manage and control the land, therefore to lease it ; if the deed reserved an interest to Moffett himself, this has descended to his daughter, Mrs. Johns, and thus she acquired such a beneficial interest; if complainants are entitled to have Mrs. Johns account as co-tenant, they have no right to proceed against tenants who have paid her the rent.

*C. M. Williamson* also argued orally.

COOPER, J., delivered the opinion of the court.

There are two grounds, either of which is sufficient to maintain the jurisdiction of the chancery court and entitle the complainants to relief.

The first is, that complainants are equitable and not legal owners of the land and are seeking the cancellation of a lease made by the trustee in consideration, in part of her private debt to the lessees, and the proper enforcement of the trusts upon which the land is held for them ; the other is, that complainants are infants and for that reason are entitled to invoke the intervention of the court of equity to charge, as baliff or trustee, the recipient of the rents and profits of their lands, even if their title was legal instead of equitable.    *Carmichael* v. *Hunter*, 4 How. 308 ; *Wathen* v. *Glass*, 54 Miss. 382.

*Decree reversed and cause remanded.*