WILLIAM ROBINSON, BY NEXT FRIEND, *v.* MARY K. BURRITT.

1. DISSEIZOR. *Disability of owner. Equity jurisdiction to decree rents and profits.*
   The chancery court has jurisdiction of a suit by one who is *non compos mentis* to recover rents and profits of his land from a disseizor.

2. ATTACHMENT IN CHANCERY. *Such claim a "debt."*
   Such a demand is a "debt" within the meaning of our laws which may be enforced by attachment.

FROM the chancery court of Noxubee county.

HON. T. B. GRAHAM, Chancellor.

Appellant Robinson is a person *non compos mentis* and a non-resident of this state owning lands in Noxubee county. By his guardian and next friend, R. C. Patty, he filed the bill in this case April 30, 1886, and obtained an attachment in chancery against the defendant, his sister, who is also a non-resident, but who owns land in said Noxubee county, and the attachment was levied on these lands. The defendant was cited by publication. The bill claims that the defendant is indebted to complainant in the sum of about ten thousand eight hundred and seventy-five dollars for rents and profits of complainant's land received by defendant while wrongfully occupying the same. It is alleged that "some time during the year 1879 the said defendant seized and possessed herself of said lands of complainant, without any color of right therefor, and since that time has been taking and receiving all the rents and profits thereof in the same manner as if said lands were her own, the said defendant having no manner of legal right or authority for so doing."

The defendant answered the bill limiting her appearance to the attachment proceedings, and averring that the court had no jurisdiction to entertain a suit *in personam* against her. The answer alleged that the defendant went into possession of the lands by virtue of a deed from a third party and occupied the same adversely under a claim of ownership, and that her possession was rightful. It was also set up, among other things, that the rents and

profits were collected here and received by defendant in the state of Alabama, where she and her brother resided, before the appointment of the guardian, and that the guardian in this state had no authority to sue for an estate belonging to complainant in the state of Alabama.

Other questions were raised and discussed, but, in view of the decision of this court, it is not deemed necessary to make a further statement of the facts. On final hearing, the court below dismissed the case, " because of the want of jurisdiction in this court to hear and determine the matters therein sought to be adjusted."

*George G. Dillard* and *Rives & Rives,* for appellant.

The basis of chancery jurisdiction in a case like this is statutory. Complainant has only to comply with the statute, and need not show any independent equity. *Scruggs* v. *Blair,* 44 Miss. 406 ; *Statham* v. *Ins. Co.,* 45 Ib. 581 ; *Allen* v. *Montgomery,* 48 Ib. 101 ; Code of 1880, § 1832.

Non-resident creditor is entitled to the remedy under the statute. *Freeman* v. *Guion,* 11 S. & M. 58.

It is no objection that the money was taken to Alabama before Patty was appointed guardian. Patty is not suing ; Robinson is complainant. 55 Miss. 604.

Defendant could not limit her appearance. She came into court, and it is not for her to say to what extent she will submit herself to the jurisdiction. She was duly cited, and if she had not appeared a decree *pro confesso* would have been taken.

The point is made (in argument only) that the wrong complained of was a trespass and that attachment would not lie for a tort. If there was anything in this, the objection should have been raised by demurrer.

But there is nothing in it. We are not suing for damages ; we have waived the tort, and are suing for the *money* actually had and received by the defendant for the rent of the land. We ask for an account, not for the purpose of ascertaining the rental value of the lands, but in order to ascertain how much money the defendant has *received.* A person *sui juris* can do this ; much more so can complainant, who is under disability.

In ordinary cases of mesne profits a court of equity will not interfere ; but otherwise where special circumstances exist to draw into activity its remedial interference. 1 Story's Eq. Ju., § 511.

The forms and varieties of trusts *ex malaficio* are practically without limit. ·The principle is applied whenever necessary for obtaining complete justice, although the law may also give a remedy in damages. 2 Pom. Eq. 1053.

Defendant should be held liable as trustee for the *non compos*, and an accounting between the parties is necessary. 1 Story's Eq., § 508 ; 3 Pom. Eq., § 1420.

*Bogle & Bogle*, for appellee.

1. The claim of appellant is purely legal, and depends, so far as the jurisdiction of the equity court goes, on the validity of the attachment. We concede that courts of equity have jurisdiction in attachment cases of purely legal demands, but they must arise *ex contractu*. Section 1832 of the code authorizes an attachment in chancery against a " debtor." The terms " debt " and " debtor " in attachment statutes have been uniformly held to mean demands *ex contractu. Fellows* v. *Brown*, 38 Miss. 545 ; *Hazard* v. *Jordan*, 12 Ala. 180 ; Drake on Attach., §§ 12, 17.

This is not a claim for rent, nor for use and occupation, because these arise from contract. It is a claim for mesne profits, the remedy for which is an action of trespass. The possession of Mrs. Burritt was adverse to complainant.

" It is too well settled to admit of controversy that the action of assumpsit for mere use and occupation cannot be sustained except where the relation of landlord and tenant subsists, either expressly or impliedly. Being an action *ex contractu*, it necessarily follows that no action of that nature can be supported where there is no pretense of a contract, and certainly not where the possession is claimed adversely. *Anderson* v. *Scales*, 26 Miss. 100. That case, in our judgment, is decisive of this appeal. See also *Dean* v. *Tucker*, 58 Miss. 500 ; *Goddard* v. *Hall*, 55 Maine 579 ; Wood on Landlord and Tenant, p. 943 and note.

An action for money had and received will not lie by the owner of the land against one who has collected rents, unless such person

acted as agent of the owner. Where both plaintiff and defendant claim title to the land, assumpsit will not lie, because there is no element of contract. Chitty on Con. 607 ; *Boston* v. *Binney,* 11 Pick. 1.

2. But this action could not be maintained at all, as long as Mrs. Burritt was in possession. By ejectment complainant could recover both the land and mesne profits, and before recovering possession he cannot sue for mesne profits. On attachment for rents and profits, the court will not adjudicate the question of title to the land. *Bockes* v. *Lansing,* 74 N. Y. 437 ; *Stancill* v. *Calvert,* 63 N. C. 616 ; *Boston* v. *Binney,* 11 Pick. 1.

3. The doctrine of accounting cannot give the appellant a standing in court. This is an attachment and must stand or fall as such. No court can render a judgment or decree *in personam* against a non-resident who has not submitted himself to the jurisdiction of the court. Here the appearance is expressly limited to the attachment. *Harkness* v. *Hyde,* 98 U. S. 476 ; 19 Mich. 343. But there is no merit in the claim for an accounting. The remedy of complainant at law is clear and complete. There is no element of trust or fraud. If the title of defendant is not good, she is liable, in a proper action, as any other trespasser on land. If complainant's demand is *ex contractu,* an attachment was proper ; if it is *ex delicto,* the equity court has no jurisdiction, either for an accounting or otherwise.

If this is a suit by Patty as guardian, he cannot recover, as the money received by the defendant was carried to Alabama before his appointment in this state. If the suit· is by Robinson by his next friend, the appeal should be dismissed, because no appeal-bond was given.

*Rives & Rives,* for appellant, filed a brief in reply.

COOPER, J., delivered the opinion of the court.

The bill in this cause was dismissed by the court below upon the ground of want of jurisdiction to afford any relief. In *Carmichael* v. *Hunter,* 4 How. (Miss.) 308, and *Wathan* v. *Glass,* 54 Miss. 382, it was decided that a court of chancery had jurisdiction to decree

an account of rents and profits of lands against a disseizor, some of the owners of the land being infants. We are unable to distinguish between the rights of infants and persons *non compos mentis* to resort to a court of chancery for relief. The rule seems to be well settled that a court of chancery will charge as bailiff any person who may enter upon the lands of persons under such disability who are wards of the court. In such cases we do not deem it essential that the action shall be both for possession and for rents, since it may be for the interest of the infants or *non compos* for the person intruding to retain possession of the lands, accounting for the profits derived therefrom.

The defendant having received money which *ex equo et bono* belongs to the ward, cannot defeat the present proceeding on the ground that she was a trespasser and should be sued for the tort. The demand is a " debt " within our attachment laws.

*The decree is reversed and cause remanded.*