turned them over to him in the morning, and I gave this paper in the morning. I turned over the things the same day the paper was written. . . I met Dr. Johnson at the train that evening, and told him I wanted to turn over all the property I had in settlement of his and Hudgins' claim, and told him to come out the next day, and he did, and I went back that night and turned the goods over to him that night. . . I never gave the paper to Dr. Johnson until the second day. I virtually made the trade the first day, and turned goods over in depot. I told Johnson that evening to come out, I wanted to turn over everything to him next time he came out, and I turned over everything to him. . . I gave Johnson this paper because he was a preferred creditor, from the fact his claim was older than Adams', and he extended me courtesies that I felt under obligations to him. . . I endeavored to make this sale to Johnson for the purpose of saving Johnson and Hudgins; they were my preferred creditors. . ."

J. L. HARDEMAN and W. D. NOTTINGHAM, for plaintiff in error. OWENS JOHNSON and W. B. WILLINGHAM, contra.

---

MARLOW & BROTHER *v.* THE HUGHES LUMBER COMPANY.

Where an affidavit to a petition for *certiorari*, sued out by a partnership, was made by one member of the firm, who deposed "that *he* is advised and believes that *he* has good cause for certioraring the proceedings to the superior court, and that owing to *his* poverty *he* is unable to pay the costs and give security as required by law," there was no error in dismissing the *certiorari* on the ground that the affidavit did not show that the *firm* was unable to pay the costs and give the bond required by law. Code, ¿4056; *Scott* v. *Turpin & Volker*, 30 *Ga.* 964; *Lester et al.* v. *Haynes et al.*, 80 *Ga.* 120; *Drucker & Bro.* v. *Wellhouse & Sons*, 82 *Ga.* 129.

July 17, 1893.                          *Judgment affirmed.*

*Certiorari.* Before Judge HARRIS. Carroll superior court. October term, 1892.

COBB & BROTHER, for plaintiffs in error.
MERRELL & COLE and REID & STEWART, *contra.*

---

THE RUSHING PRODUCE COMPANY *v.* HILLIARD.

No errors having been committed on the trial in the justice's court, and the judgment rendered therein being right, the *certiorari* was properly overruled.                                    *Judgment affirmed.*
June 26, 1893.

*Certiorari.*    Before Judge MILLER.    Bibb superior court.    November term, 1892.

Hilliard sued the Rushing Produce Company, and obtained a verdict for $65.78, which was sustained on *certiorari.*  The evidence for plaintiff was: A telephone message came to Cronell, the delivery clerk at the E. T., V. & G. R. R. depot in Macon, about December 26th, to deliver 126 boxes of oranges, shipped to Cady, to the Mansfield Dray Line in order that said dray line might carry them to defendants.  Cronell informed plaintiff of the message, delivered the oranges, and charged the freight to the Mansfield Dray Line, as was the custom when the railroad delivered freight to that line, and as was agreed between the railroad agent and the dray line.  Cronell did not know who sent the telephone message, but has since learned that it was Weatherly of the Rushing Produce Company.  At the end of the week, or when settlement was made for the freight delivered, this freight-bill was among those paid by the dray line through plaintiff.  It was made out to Cady. Wyche carried the dray-bill and collected it next day after the oranges were delivered to defendants.  About ten days afterwards he carried the freight-bill, and Rushing said he was out of funds just then, and asked him to call again.  This happened repeatedly.  Rushing offered his note payable in thirty days, but Wyche would