BARFIELD, administrator, v. HARTLEY, agent.

1. An affidavit filed by an administrator for the purpose of taking a case to the Supreme Court in forma pauperis should allege the inability of the estate he represents to pay costs. His personal inability to do so is of no consequence.

2. If at the time a case arising upon an affidavit of illegality filed by a temporary administrator, to arrest the progress of an execution against the property of his intestate, is called for trial, a permanent administrator has not been appointed, it is not only the right but the duty of the affiant to represent the estate in such trial.

Argued June 6, — Decided July 25, 1899.

Illegality. Before Judge Felton. Crawford superior court. October term, 1898.

*R. D. Smith*, for plaintiff in error.
*Hardeman & Moore*, contra.

Lumpkin, P. J.　1. The bill of exceptions in this case was sued out by James Barfield as temporary administrator of James Aultman. The plaintiff in error filed in the court below an affidavit alleging, among other things, "that from his poverty he is unable to pay the costs or give the security for the eventual condemnation money as required by law." On the call of the case here, the question was presented whether or not this affidavit was sufficient to relieve counsel for the plaintiff in error from the payment of the costs due in this court, and we ruled that it was not. The personal poverty of James Barfield as an individual has nothing to do with the matter. He ought to have sworn, if he could truly have done so, that the inability to pay costs arose from the poverty of the estate he represented. In principle, the case of *Scott* v. *Turpin*, 30 *Ga.* 964, is conclusive upon this point. It was there held that: "An appeal entered by a trustee under the pauper law ought to be dismissed when the affidavit states that his inability to give security arises, not from the poverty of the trust estate, but from his own poverty." The decision in *Marlow* v. *Hughes Lumber Company*, 92 *Ga.* 554, is also controlling. In that case the court ruled that an affidavit by a single member of a partnership, that owing to his poverty he was unable to pay the costs and give the security required by law, did not show that

the firm was unable to do these things, and consequently that an attempt by it to sue out a certiorari in forma pauperis, supported by such an affidavit only, was ineffectual.

2. An execution in favor of Hartley against Aultman, who died after the judgment against him was rendered, was levied on land belonging to his estate. Barfield, as temporary administrator, interposed an affidavit of illegality, averring, among other things, that his intestate had never been served with a copy of the petition or process in the case wherein the judgment in question had been rendered. When the issue thus raised came on for trial, Barfield moved for a continuance, solely upon the ground that the plaintiff in execution was not entitled to proceed therewith against him as temporary administrator, but that the trial should be postponed until a permanent administrator could be appointed. There was nothing in the showing for a continuance in any manner suggesting that, from want of time for preparation, or other cause, the temporary administrator was not ready for trial. This court, in *Reese* v. *Burts*, 39 *Ga.* 565, distinctly ruled that it was the right of a temporary administrator to file an affidavit of illegality to an execution proceeding to sell his intestate's lands. It is true that in that particular case a permanent administrator was, at the trial, made a party to the case; but that was merely because he had in the meantime been appointed and, of course, succeeded the temporary administrator in the trust. In this connection, see Civil Code, § 3361. If a temporary administrator may file an affidavit of illegality, it stands to reason that he is competent to represent the estate of his intestate in insisting upon and establishing the truth of the same. It is the duty of a temporary administrator to collect and take care of the effects of his intestate, and his letters remain of force until a permanent administrator is duly appointed. Civil Code, § 3359. In the case above cited, McCay, J., remarked: "We see no reason why the temporary administrator is not, in this State, bound to protect the real as well as the personal estate of the deceased from illegal interference." It is difficult to imagine how he could better protect the real estate of his intestate from such interference than by filing and endeavoring to

maintain an affidavit of illegality, setting up a lawful reason for stopping the progress of an execution.

<i>Judgment affirmed.   All the Justices concurring.</i>