IRVINE *v.* WILEY, ordinary, for use, etc.

HILL, J. 1. This was an action at law against a temporary administrator and his security for an alleged breach of his bond.

2. The ordinary may at any time grant temporary letters of administration upon any unrepresented estate "for the purpose of collecting and taking care of the effects of the deceased, to continue and have effect until permanent letters are granted." Civil Code, § 3935. The action

of the ordinary in appointing a temporary administrator is merely clerical. Civil Code, §§ 4805, 4807 (2). Such temporary administrator "may sue for the collection of debts or personal property of the intestate." Except as just indicated, a temporary administrator has no authority of law to deal with the estate of the intestate. The provision of the Civil Code, § 4012, that "an administrator may exercise his discretion in continuing the business of his intestate until the expiration of the current year," has no application to temporary administrators. Accordingly, where the estate of the intestate consisted of a mercantile business which was left as a going concern, and the temporary administrator proceeded to carry on the business of the intestate for a period of about eighteen months, until a permanent administrator was appointed, and thereafter the ordinary, for the use of the permanent administrator, instituted a common-law action against the temporary administrator and the surety on his bond for an alleged breach thereof, the fact that the defendant was temporary administrator would not authorize him to charge the estate with money advanced by him, or debts incurred, in carrying on the business of the intestate.

3. Estoppel to be relied on must be pleaded. *Fidelity &c. Co.* v. *Nisbet*, 119 *Ga.* 316 (7), 329 (46 S. E. 444) ; *Tuells* v. *Torras*, 113 *Ga.* 691, 698. (39 S. E. 455). No estoppel was pleaded in this case. Accordingly, even if there had been grounds for an estoppel, there was no error in rejecting evidence that in conducting the business the temporary administrator did so under an order from the ordinary, and at the request of the widow and·children of the intestate, relied on to show that the plaintiff was estopped from setting up the breach of the bond.

4. The case was referred to an auditor, who found for the plaintiff for a stated amount and against the cross-claim of the temporary administrator (except as to certain items which had been expended for the support of the family, to whom a year's support had been allowed). When the case came on for trial before the judge on exceptions to the auditor's report, it appeared that the surety had voluntarily paid to the plaintiff the amount found in his favor by the auditor, without the consent of the temporary administrator, and it was conceded by both sides that all that remained in the case to be tried was the "cross-action or set-off of said defendant." A judgment was rendered overruling all of the exceptions filed by the temporary administrator, and judgment was awarded in favor of the plaintiff for the amount so found by the auditor. The temporary administrator alone excepted to this judgment. *Held*, that under the pleadings and the evidence the judgment was not erroneous.

*Judgment affirmed. All the Justices concur, except Gilbert, J., not presiding.*

SEPTEMBER 21, 1916.

Action on bond. Before Judge Mathews. Bibb superior court. June 25, 1915.

E. D. Irvine died on November 5, 1910, leaving an estate consisting of a "music goods business." W. S. Irvine (a brother of the

deceased) was appointed temporary administrator upon the estate, and signed a bond as principal, with the Title Guaranty and Surety Company of Scranton, Pa., as surety, conditioned to "carefully collect and preserve from waste or loss all goods, chattels, rights, credits, and effects of the said E. D. Irvine, deceased, . . and the same being so preserved do surrender up such estate and effects . . unto the legal and proper administrator when appointed on the estate of said E. D. Irvine, and a true accounting make therein." C. M. Wiley, suing for the use of Sarah Edna Irvine as administratrix of the estate of E. D. Irvine, brought this suit against W. S. Irvine as principal, and the Title Guaranty and Surety Company of Scranton, Pa., and showed substantially the following: Sarah Edna Irvine is the duly qualified administratrix upon the estate of E. D. Irvine, deceased. Wm. S. Irvine qualified as temporary administrator of the estate, and entered into a bond obligation as principal in the sum of $20,000, with complainant, C. M. Wiley, and the Title Guaranty & Surety Company of Scranton, Pa., as surety, the condition of the bond being as set out above. The defendants have been guilty of a breach of the bond, in that the temporary administrator, W. S. Irvine, fails and refuses to surrender to the permanent administratrix, and to make a true accounting thereof, certain property, money, and effects which came into his hands as temporary administrator. By reason of the breach of the bond the principal and surety on the bond are indebted to the plaintiff in the sum of $10,000, or other large sum, for which plaintiff prays judgment.

The defendants filed their answer, averring that all the property of E. D. Irvine, deceased, which came into the possession of the temporary administrator was "the going business," being a music mercantile business, and that it was preserved and surrendered to the permanent administratrix and a true account made by the defendant, although the plaintiff failed and refused to account to the temporary administrator for advances made by him for the estate as set out, and that the plaintiff was indebted to the defendant in the sum of $1,239.25, besides interest, which the temporary administrator advanced to the estate; that the temporary administrator had paid out of the moneys collected by him for the estate, as a part of the costs and expenses of administration, the sum of $305.93, which belongs to the piano factories which owned or had

an interest in the leases on which the defendant was collecting as such administrator, such payments being made before the defendant ascertained that the money belonged to the factories and not to the estate, and defendant is liable to the factories for the money, and the estate is liable therefor to the defendant. While acting as temporary administrator, this defendant, under order of Bibb court of ordinary, borrowed $250, and defendant is liable therefor, and the estate is liable to defendant for that sum. The defendant prays that the sum of $1239.25 be set off against the plaintiff's demand.

The case was referred to an auditor, who found in favor of the plaintiff and against the defendants the sum of $1101.61. When the case was called for trial, it was stated in open court by counsel for the plaintiff that "the judgment rendered or recommended by the auditor had been paid by the surety company," and it was stated by both sides that all that remained in the case to be tried was the cross-action or set-off of the defendant Irvine, this settlement having been made without his consent. Exceptions of law and fact were filed to the auditor's report. The court rendered a judgment overruling all of the exceptions filed by the defendant Irvine, and rendered a judgment in favor of the plaintiff for the amount found by the auditor. To this judgment Irvine excepted.

*R. S. Wimberly,* for plaintiff in error.

*Ryals & Anderson,* contra.