## FRANKLIN *v.* LESSER.

Trusts intended by the courts of equity not to be reached or affected by the statute of limitations are those technical, continuing trusts which are not at all cognizable at law, but fall within the proper, peculiar, and exclusive jurisdiction of courts of chancery. Applying this principle to the facts of the present case, the court did not err in dismissing the petition upon general demurrer, which raised the point that the plaintiff's demand was barred by the statute of limitations.

JUNE 13, 1917.

Equitable petition. Before Judge Hammond. Richmond superior court. March 4, 1916.

Marcus Franklin brought suit against Simon Lesser on a contract in writing, signed by both, and dated February 20, 1891, by the terms of which it appears that the plaintiff thereby transferred to the defendant all of his rights, title, and interest under certain bonds for title to several tracts of land described in the contract, in settlement of the indebtedness due by the plaintiff to the defendant, and that the plaintiff desired an opportunity to repurchase the property so transferred; and thereupon it was stipulated that the plaintiff should have the option of purchasing the property conveyed on the following terms: that if Franklin should pay to Lesser the amount expended by Lesser in operating the property for the year 1891, and pay in addition the sum of $3,000, with interest from December, 1888, at eight per cent. per annum, together with all costs and expenses incurred by Lesser in the possession, title, ownership, and management of the property, and seventy-five per cent. on the balance due him on account of moneys

expended either to or for M. Franklin or H. Franklin, in connection with the realty in question, or otherwise, on or before November 15, 1891, Lesser obligated himself to convey to M. Franklin all the real estate and personal property set forth in the contract; it being mutually understood and agreed that if Franklin should fail to exercise the privilege of purchasing the property by November 15, 1891, Franklin should have absolutely no claim in law or equity to the property, and Lesser would be empowered and authorized after that date to sell and convey the same at such prices and on such terms as he might deem to his best interest, and repay himself the sum of $3,000, with interest, together with all costs and expenses incurred in owning or procuring good title to the said property, or in any other manner incident to or connected therewith, and out of the proceeds remaining pay to himself seventy-five per cent. on the principal and interest of the balance of the debt due him by Franklin on any account; and if there should be any balance after making the foregoing payments, Lesser should convey the same to Franklin. In the petition it is alleged, that, under the terms of the contract between Franklin and Lesser, an express continuing trust was created, of which Franklin was the beneficiary; that this trust continued from the date of the contract up to the time of filing suit; that the trust was never repudiated until March 28, 1914, on which date the plaintiff demanded an accounting and settlement, which was refused by the defendant on the ground that the former had nothing to hold the other responsible for; that Lesser had disposed of substantially all of the personal property and a part of the realty, but was still in possession of a part of the realty, of the value of $29,000; that the plaintiff was unable to state the exact sum due him by Lesser, but the proceeds of the sale of a part of the trust estate were more than sufficient to pay off all of plaintiff's liabilities to the defendant; and that there is much property, or a large balance of many thousand dollars, coming to plaintiff upon a just settlement and accounting between him and defendant. The prayer is, that the defendant be required to make a complete accounting in respect to all personal and real property received by him from the plaintiff, and that judgment be given to the plaintiff against the defendant for such as may be found due, and, if any property remains in defendant's hands undisposed of under the trust, after payment of the debts

therein mentioned, that defendant be required to convey the same to plaintiff. The defendant filed a demurrer, one ground of which was that the action was barred by the statute of limitations. The court sustained the demurrer and dismissed the petition; whereupon the plaintiff excepted.

*Samuel H. Myers* and *William H. Fleming,* for plaintiff.

*Callaway & Howard* and *C. H. & R. S. Cohen,* for defendant.

BECK, J. (After stating the foregoing facts.) The plaintiff contends that the contract of February 20, 1891, created an express, subsisting, and continuing trust, and that for this reason his claim against Lesser was not barred by the statute of limitations, under the provisions of the Civil Code, § 3782, which declares that "Subsisting trusts, cognizable only in a court of equity, are not within the ordinary statutes of limitation." That the mere lapse of time constitutes of itself no bar to the enforcement of a subsisting trust, and that the statute of limitations does not begin to run, in the case of express trusts, until the trustee has disavowed and repudiated the trust and made known that repudiation to the cestui que trust, is a generally recognized principle. That rule in substance has been announced in numerous cases decided by this court. But we are of the opinion that the contract under consideration in this case did not create a trust of such character as to make this rule applicable. The property covered by the contract in question was not turned over to Lesser to manage and control either as agent or trustee for Franklin. All the interest which Franklin had in the property was conveyed absolutely to Lesser, who became the owner of this property under the terms of the contract. An option to repurchase, which was to expire on November 15, 1891, was given to Franklin, and this was never exercised. After that, Lesser was given full power of sale, title already being vested in him, and he agreeing that if there was any balance left after paying the amounts stipulated, he would convey it or pay it over to Franklin. While in a certain sense the relation of Lesser to the property in question and to the plaintiff in this case may have had a general fiduciary quality, the relation was not that growing out of a technical or continuing trust; and as it was not, the statute of limitations was a bar to the demand of the plaintiff. "Trusts intended by the courts of equity not to be reached or affected by the statute of limitations

are those technical, continuing trusts which are not at all cognizable at law, but fall within the proper, peculiar, and exclusive jurisdiction of courts of chancery." *Thomas* v. *Brinsfield, 7 Ga.* 154.

We have not overlooked the fact that cases have been decided by this court where the relation of principal and agent existed, and where the court by analogy placed such relation, so far as the statute of limitations is concerned, upon the same footing as subsisting trusts. There will be found, however, upon examination of these cases a clear ground of differentiation between them and the instant case. In some of them it will be found that the agent had possession of the property for the purposes of managing, investing, collecting the rents, interest, etc., and paying over the same or accounting therefor to the principal; and generally in such cases there was a confidential relationship existing between the parties. One of these cases, cited in the brief of counsel for the plaintiff, is *Teasley* v. *Bradley,* 110 *Ga.* 497 (35 S. E. 782, 78 Am. St. R. 113). There the person in possession of the property was to use the same for the owner's benefit, and recognized the latter's ownership. It was held that no lapse of time would bar the owner from asserting his title as against the person in possession; it being ruled that before any lapse of time would be a bar to the owner, it should appear that the person in possession had given notice, or that there were circumstances which would be equivalent to notice, to the owner that the person in possession claimed adversely to him, and that in such a case the statute would begin to run from the date of such notice. After stating the rule embodied in the Civil Code, § 3782, which relates to subsisting trusts, this court said: "Although the rule just stated is applicable in terms alone to cases of technical trusts which are cognizable only in a court of equity, the principle upon which it is founded is applicable in some cases where a technical trust had not been created; the principle being, as above stated, that as long as one recognizes that property in his possession belongs to another, the latter has the right to treat the possession as his own." But in the present case the title to the property in question was not in the plaintiff but in the defendant, against whom the demand of the plaintiff is being urged. Another case relied upon in the brief of counsel for the plaintiff is *Hines* v. *Johnston,* 95 *Ga.* 629 (23 S. E. 470), where it was held

that the claim was neither stale nor barred by any statute of limitations. In that case the husband of the plaintiff against whom the bar was urged had an interest in the land, etc., involved in the controversy. We have mentioned these two cases specially, because they are largely relied upon in the brief of counsel for the plaintiff, and as to the latter it is said in the brief that it is absolutely controlling of the case at bar. We can not agree with the contention of the plaintiff that the contract under consideration created a subsisting, technical trust, but are of the opinion that the relationship between the plaintiff and the defendant was such that the statute of limitations was applicable to the demand.

*Judgment affirmed. All the Justices concur.*