## GROOMS *et al. v.* MIXON *et al.*

1. A temporary administrator of an intestate can not be made a party defendant in an action of ejectment.

2. Where an action of ejectment was brought against two defendants in possession, and pending the action one of them died, and an order was passed undertaking to ·make the temporary administrator of such deceased defendant a party defendant to the suit, the verdict and judgment in favor of the plaintiff for the premises in dispute, while not effective against the estate of the decedent (for the reason indicated in the preceding note), will be upheld as against the other defendant, there being evidence to authorize it, and it appearing that such defendant did not derive title from the decedent or claim under or through him, or that her defense to the action was in any wise prejudiced by a failure to make the permanent administrator of the estate of her codefendant a party to the suit.

No. 1719.    August 14, 1920.

Ejectment. Before Judge Summerall. Clinch superior court. September 27, 1919.

*S. C. Townsend,* for plaintiffs in error.

*E. H. Williams,* contra.

George, J. The plaintiffs in this action were Mrs. Ida Grooms Mixon and Cecil Grooms, who sued as heirs at law of J. L. Grooms. The defendants were J. J. Grooms and Mrs. Bell P. Grooms. Pending the suit J. J. Grooms died, and A. J. Gibbs, as temporary administrator of his estate was, in vacation, made a party defendant. No objection was taken to the order making the temporary administrator a party defendant; but at the trial term a motion was made to vacate the order, upon the ground that a temporary administrator can not be made a party defendant in ejectment. The motion was overruled, and the defendants excepted pendente lite. The jury returned a verdict for the plaintiffs for the premises in dispute. The defendants made a motion for new trial, upon the general grounds; and to the overruling of this motion they excepted, assigning error also upon their exceptions pendente lite.

It has been held that a temporary administrator may file an affidavit of illegality to the levy of an execution on the lands of his intestate. *Reese* v. *Burts,* 39 *Ga.* 565. A temporary administrator, where no permanent administrator has been appointed, may represent the estate in the trial of such illegality. *Barfield* v. *Hartley,* 108 *Ga.* 435 (33 S. E. 1010). The right and duty to represent the estate upon such trial is said to follow logically from the right

and power to file the affidavit of illegality. *Barfield* v. *Hartley,* supra. In a proper case a temporary administrator may have resort to equity to protect and preserve the land of his intestate against illegal seizure, sale, or other illegal interference. *Chattanooga etc. Ry. Co.* v. *Morrison,* 140 *Ga.* 769 (79 S. E. 903). On the other hand, a temporary administrator can not bring an action for the recovery of land held adversely to the estate, or consent to such an action being brought. *Banks* v. *Walker,* 112 *Ga.* 542 (37 S. E. 866) ; *Doris* v. *Story,* 122 *Ga.* 611 (50 S. E. 348). An action for land brought by a temporary administrator can not be amended by substituting the name of the permanent administrator who was appointed such after the commencement of the action. *Ward* v. *McDonald,* 135 *Ga.* 515 (69 S. E. 817). Notice to a temporary administrator of an application for dower will not suffice. *Langford* v. *Langford,* 82 *Ga.* 202 (8 S. E. 76). The appointment of a temporary administrator does not constitute "representation" upon the estate of the deceased, within the purview of section 4376 of the Civil Code, which provides that "the time between the death of a person and representation taken upon his estate . . shall not be counted against his estate" for the purposes of the statutes of limitations of actions. *Baumgartner* v. *McKinnon,* 137 *Ga.* 165 (73 S. E. 518, 38 L. R. A. (N. S.) 824). There is of course a distinction between the powers of an administrator in regard to realty and personalty. He may sue for the collection of debts or personal property of the estate. Civil Code, § 3937. It has been held that an action against a temporary administrator to cancel a deed to his intestate is not effective. *Babson* v. *McEachin,* 147 *Ga.* 143 (93 S. E. 292). Our conclusion is that where a temporary administrator is appointed to preserve and protect the estate pending the appointment of a permanent administrator, such temporary administrator can not be made a party defendant in ejectment. Such administrator has no power or authority to consent to an order undertaking to make him a party defendant to a pending ejectment suit. We do not overlook the case of *Hayes* v. *Hayes,* 137 *Ga.* 362 (73 S. E. 659), where complaint for land was brought by one who claimed title to the property under a deed from his mother, and where it was alleged that the mother had died since the execution of the deed to the plaintiff, leaving no property and no administrator, and that the defendants

named in the petition, together with the plaintiff, were all the heirs at law of the deceased. In that case it was held that the temporary administrator of the deceased was properly allowed, upon his intervention, to become a party defendant to the suit. It there appeared that the temporary administrator had in his possession, custody, and control all the property, real and personal, of the deceased, including the property sued for; and the prayer was that he be allowed to intervene for the purpose of protecting the interest of the estate. It does not necessarily follow that the temporary administrator might have been made a party defendant on motion of the plaintiff. The ruling there made does not support the position of defendants in error in this case, viz.: that a temporary administrator of an intestate's estate may, at the election of and as a matter of convenience to the plaintiff, be made a party defendant in a pending action of ejectment. The court erred in overruling the motion to vacate the order making the temporary administrator a party defendant.

It does not follow that the verdict against Mrs. Grooms, who was properly made a party defendant in the suit, should be disturbed. The verdict did not embrace mesne profits. Mrs. Grooms did not derive title from her deceased husband. She did not claim under or through him. Her defense to the action was in no wise prejudiced by a failure to make the permanent administrator of his estate a party defendant to the suit. The verdict against her will therefore be allowed to stand, there being evidence to support it. Direction is given to vacate the judgment against the temporary administrator of the estate of J. J. Grooms.

*Judgment affirmed in part, and reversed in part. All the Justices concur.*