COLLINS, executrix, <em>v.</em> HENRY, administrator.

1. The petition set out a cause of action for some of the relief sought.
2. On the face of the petition the action was not subject to demurrer on the ground that it was barred by the statute of limitations.
3. The court should have sustained the special demurrer, and the case is affirmed with direction that the judgment be modified to that extent.

No. 3332.   JULY 11, 1923.

Equitable petition. Before Judge Mathews. Bibb superior court. June 27, 1922.

Horace Henry, as permanent administrator of the estate of W. L. Henry, filed at the November, 1919, term of Bibb superior court, a petition against Mrs. L. H. Collins as executrix of the will of Mrs. C. A. Henry, alleging, that W. L. Henry died in July, 1898, leaving in force two policies of life insurance aggregating $7504.36, payable to his estate; that he owned at the time of his death two described parcels of real estate and an undivided half interest in another parcel; that his wife, Mrs. C. A. Henry, was appointed temporary administratrix upon his estate; that as such she collected, during the latter part of 1898, the moneys upon the life-insurance policies mentioned, and that up to the time of her death, September 25, 1918, she collected the rents, issues, and profits upon the real estate mentioned, amounting to $4000 or other large sum; that she never made any returns as temporary administratrix to the ordinary of Bibb County, and has never ac-

counted to the heirs of W. L. Henry for any of said moneys so collected; that no permanent administration was had upon the estate of W. L. Henry until after the death of the temporary administratrix, Mrs. C. A. Henry; that said moneys so coming into the hands of Mrs. Henry belonged to the estate of W. L. Henry, and were held by her as temporary administratrix until the appointment of a permanent administrator for the benefit of the heirs of W. L. Henry; and that petitioner as permanent administrator is equitably entitled to said moneys or their proceeds, for the purpose of distribution to the heirs of W. L. Henry, who are legally and equitably entitled thereto. The prayers are that the defendant be compelled to account for the insurance moneys and the rents, issues, and profits of the real estate received by her testatrix, and that petitioner have judgment for the same, with interest; for process and general relief.

At the April, 1922, term of the court the defendant orally moved to dismiss the petition, because the entire cause of action set forth was barred by the statute of limitations; and also moved to strike from the petition the paragraphs alleging that no permanent administration was had upon the estate of W. L. Henry until after the death of Mrs. C. A. Henry, when petitioner was appointed permanent administrator, and also the paragraphs alleging the facts above set forth in connection with the collection of the insurance moneys.

The plaintiff tendered an amendment to the petition, alleging that Mrs. C. A. Henry was the mother of all the heirs of W. L. Henry; that most of these heirs lived with her for a long period of time after her appointment as temporary administratrix; that they all reposed the greatest trust and confidence in her, and did not know and were never informed by her that their father left any property or money held by her as a part of his estate " until within the last year or two before the death of their mother;" that on account of the fiduciary relation existing between said heirs and their mother as temporary administratrix it was her duty to disclose to them the facts concerning the property and money of which their father's estate consisted, and which came into her possession as temporary administratrix. The defendant moved to strike the paragraph of the amendment in which these allegations were set forth, on the ground that the same were irrelevant and

immaterial and did not set forth any legal ground or excuse for the long delay in bringing the action. The motion to dismiss was overruled, and error was assigned on exception taken pendente lite.

During the same term of court the defendant filed a general demurrer in the nature of a motion to dismiss, upon the grounds, that no cause of action is set forth, and the facts alleged do not show any right in plaintiff to the relief prayed; that the petition shows that each and every demand set forth is barred by the statute of limitations; and that the paragraphs of the petition setting forth the allegations relative to the collection of insurance moneys should be stricken on the ground that said demand is barred. She demurred specially to the paragraph of the amendment above mentioned, for the same reasons forming the basis of the oral motion to strike the same as set forth above. The court made the following order: "It seems well settled that the executor of an administrator who commits waste of the estate may be sued for such devastavit," but "that an executor of an administrator cannot be sued for undistributed or unadministered assets of the intestate. . . The defendant is entitled to know, in such a suit, whether the claim asserted is for a waste, or for unadministered or undistributed assets. The objection, however, that the declaration fails to put the defendant on notice as to whether recovery is sought on account of waste, or on account of assets unadministered, of the estate of W. L. Henry, is in the nature of a special demurrer, and no amendable defect in a declaration is properly the subject of a motion to dismiss. The motion is denied." Error was also assigned upon this judgment.

*A. L. Miller* and *Brock, Sparks & Russell,* for plaintiff in error. *Strozier & Deaver,* contra.

GILBERT, J. 1. The petition, as amended, set out a cause of action for some of the relief sought, and therefore was not subject to be dismissed on general demurrer. It is a suit by the permanent administrator of W. L. Henry against the executrix' of the estate of Mrs. C. A. Henry, deceased temporary administratrix of W. L. Henry. It is settled that the executrix of one who was temporary administratrix of another's estate is not the representative of the original estate. The purpose of the suit is to require an accounting by the estate of the temporary administratrix. It is true that the petition does not allege that the defendant executrix

came into possession of the W. L. Henry estate of which Mrs. Henry was temporary administratrix. It does allege that the temporary administratrix never made any returns as temporary administratrix to the ordinary of Bibb County, and has never accounted to the heirs of W. L. Henry for any of said moneys, so collected; and it also alleges that "no permanent administration was had upon the estate of W. L. Henry until after the death of the temporary administratrix, Mrs. C. A. Henry." There is no duty, under the law, resting upon a temporary administratrix to make returns to the ordinary, and she could not account to the heirs of W. L. Henry for any of the moneys of the latter's estate collected by her, nor could she pay creditors. In view of the fact that this is an equitable proceeding, the petition, properly construed, charges the executrix of Mrs. Henry with the possession of some of the assets of the estate of W. L. Henry. We think it is only reasonable that this construction should be placed upon the petition, because when the executrix, under the will of Mrs. Henry, qualified and undertook to discharge the duties of that office, it must be presumed that she took possession of all the personal property of Mrs. Henry, in whatever capacity the latter may have held the same, which included, under the petition, funds held as temporary administratrix. For these reasons we hold that the petition set out a cause of action. Upon the death of the owner of any estate in realty, which survives, title to personalty vests in the administrator. But as to realty it "vests immediately" in the heirs. Civil Code (1910), § 3929. Under section 3657 this vesting is subject to the right of the administrator to administer it for two purposes — payment of debts and distribution. The title which the heirs get instantaneously on death is then subject to be divested, should it become necessary for the administrator to pay debts or distribute. It is not contemplated that he shall have anything to do with realty. He gives bond for the personalty. Civil Code (1910), § 3936. He cannot interfere with the realty except to protect it. *Langford* v. *Langford*, 82 *Ga.* 202 (8 S. E. 76). He is appointed for the purpose of collecting and taking care of the effects of the deceased. Civil Code (1910), § 3935. "Effects" means personalty. Rents accruing after death are no part of the "effects" of the deceased. Rents accrued and unpaid at the time of death would be. A permanent administrator has to

give bond for the entire estate. § 3972. And the right to the possession, (which does not include the title to the realty) of the whole estate is in him. § 3933. A temporary administrator cannot sue for realty. § 3937; *Doris* v. *Story,* 122 *Ga.* 611 (50 S. E. 348); *Grooms* v. *Mixon,* 150 *Ga.* 335, 336 (103 S. E. 845). Therefore he has no right to its possession. Any one who has a right to possession can sue for that possession. Having no right to possession, he has no right to collect rents. If there be no administration (and this clearly means a permanent administrator), the heirs may take possession of the land. Civil Code (1910), § 3933. If the heirs move on to the land the moment the ancestor is dead, the administrator can recover it from them only by proving that it is necessary for him to have possession to pay debts or distribute. § 3934. Therefore even the right to the " possession of the whole estate " given the permanent administrator by section 3933 is but a qualified right. There being in this case no administrator within the meaning of section 3933, the heirs of W. L. Henry had the right to take possession of his real estate immediately on his death in 1898. Having the right to take the land, they had the right to the rents. If Mrs. Henry collected the rents, she did so as an individual, and action therefor by the heirs of W. L. Henry would lie, but not by his permanent administrator. The right of recovery in the case at bar should be limited to the insurance money. The administrator of the original estate cannot sue for rents collected after the death of the intestate. Such a suit may be brought by the heirs. 24 C. J. 1200; *Wathen v. Glass,* 54 Miss. 382, 389.

2. Was the petition subject to the demurrer based upon the ground that it was barred by the statute of limitations? Plaintiff in error so insists, and her counsel submitted to this court an able brief upon that question. We are satisfied, however, that the petition was not barred by the statute of limitations. The appointment of a temporary administratrix is not " representation " on an estate so that the statute of limitations begins to run against the estate under the Civil Code (1910), § 4376. *Scoll* v. *Atwell,* 63 *Ga.* 764 (2); *Baumgartner* v. *McKinnon,* 137 *Ga.* 165 (73 S. E. 518, 38 L. R. A. (N. S.) 824); *Grooms* v. *Mixon,* supra. " The action of the ordinary in appointing a temporary administrator is merely clerical." A temporary administrator may be appointed by

the clerk of the court of ordinary. Civil Code (1910), § 4808 (2); *Irvine* v. *Wiley,* 145 *Ga.* 867 (2) (90 S. E. 69). A temporary administrator " may sue for the collection of debts or personal property of the intestate." "Except as just above indicated, a temporary administrator has no authority of law to deal with the estate of the intestate." *Irvine* v. *Wiley,* supra. A temporary administrator is a mere custodian to hold the funds of the estate until a permanent administrator is appointed. The name indicates that it is " temporary." He can neither pay debts nor distribute. Civil Code (1910), § 3935; *Gresham* v. *Pyron,* 17 *Ga.* 263; *Ewing* v. *Moses,* 50 *Ga.* 264; *Lester* v. *Mathews,* 56 *Ga.* 655, 659; *Barfield* v. *Hartley,* 108 *Ga.* 435, 436 (33 S. E. 1010); *Dekle* v. *McLeod,* 144 *Ga.* 289, 290 (86 S. E. 1082). Heirs cannot sue for their portion of the estate until the appointment of a permanent administrator. *Webster* v. *Thompson,* 55 *Ga.* 431 (3); *Baumgartner* v. *McKinnon,* supra. Until the appointment of a permanent administrator there can be no administration of assets. *Langford* v. *Langford,* 82 *Ga.* 209 (supra). Not even by contract. *Wright* v. *Clark,* 145 *Ga.* 534, 537 (89 S. E. 618). The Civil Code (1910), § 4366, with respect to actions against executors, provides as follows: " All actions against executors, administrators, guardians, or trustees, except on their bonds, must be brought within ten years after the right of action accrues." As stated in the previous division of the opinion, the suit is against the executor of the estate of Mrs. Henry. Mrs. Henry died September 25, 1918. The suit against her executrix was filed in 1919, less than two years after the death of Mrs. Henry. It required a statute to change the general rule as to when the limitation shall begin to run against unrepresented estates, and the statute will therefore not be enlarged beyond its precise terms. Ordinarily a cause of action can arise only when there is a breach of duty. Failure of a permanent administrator to account to heirs would give to the heirs a right of action, because it is the duty of the permanent administrator to distribute; but no such duty rests against the temporary administrator. In this case there was no breach of duty on the part of the temporary administrator, Mrs. Henry. Likewise, until her death and the qualification of her executrix, there was no one to be sued in order to recover the effects of her husband's estate from her; and consquently the

statute could not run against the unrepresented estate of the husband. Until there was a breach of duty for which an action would lie and there was some one who could be sued, section 4376 of the Civil Code, referring to unrepresented estates, could not be applied to the estate of W. L. Henry. Compare *Coney* v. *Horne,* 93 *Ga.* 723 (20 S. E. 213). Until there is a failure to pay over the assets to the permanent administrator there is no breach of duty, and therefore no cause of action. A temporary administrator is a custodian of the estate, with powers strictly limited by statute. It is not necessary to define the precise technical character of such possession. The capacity is not that of technical continuing trustee, but in a broad sense it is a trust or quasi trust. The statute does not run until there is a conversion or a demand for settlement and a refusal. When this occurs, a cause of action accrues and the statute of limitations begins to run. As originally pleaded, the petition alleged a conversion of the money sought to be recovered. The date of the conversion would fix the time when the cause of action accrued. *Teasley* v. *Bradley,* 110 *Ga.* 497 (35 S. E. 782, 78 Am. St. R. 113); *Thornton* v. *Jackson,* 129 *Ga.* 700 (59 S. E. 905); *Franklin* v. *Lesser,* 147 *Ga.* 77 (92 S. E. 890); *Garner* v. *Lankford,* 147 *Ga.* 235 (93 S. E. 411). But the amendment struck all of the petition referring to a conversion, so that the petition, as amended, proceeded merely for an accounting on the theory that the money was in the possession of Mrs. Henry, as temporary administratrix, at the time of her death, and was being held in accordance with the law applicable thereto. Counsel for both parties discuss in their briefs the applicability and non-applicability of the act of 1845, as found in Park's Annotated Code, § 3978(a). In connection therewith attention is called to the fact that this act does not appear in any of the official codes of Georgia, and also that it is inserted in Park's Code by reason of the reference to it in *Bailey* v. *McAlpin,* 122 *Ga.* 616 (50 S. E. 388). That section, however, has no applicability. That act in terms applies where an administrator de bonis non is appointed, so that such administrator de bonis non could require an accounting from a predecessor who had partly administered an estate. In this case there had been no partial administration of the estate, and there was no administrator de bonis non appointed. There was a temporary administratrix appointed.

who, as stated above, had no authority to administer the estate, and after her death a permanent administrator was appointed for the purpose of administering the entire estate. Likewise it is insisted that the reference in the Civil Code, § 4366, to " trustees " is applicable to the facts of this case, on the theory that Mrs. C. A. Henry, temporary administratrix, held the money of W. L. Henry, collected by her, as a trustee. It has been held by this court that the section of the code just mentioned has reference only to " technical " trustees. *Denny* v. *Gardner,* 152 *Ga.* 602, 608 (110 S. E. 891). Mrs. C. A. Henry certainly was not a technical trustee of the estate of W. L. Henry. Section 4376 of the Civil Code provides: " The time between the death of a person and representation taken upon his estate, or between the termination of one administration and the commencement of another, shall not be counted against his estate, provided such time does not exceed five years; but at the expiration of that time the limitation shall commence, though the cause of action accrued after his death." It is insisted that under this section of the code the statute of limitations began to run against the claim in the present petition five years after the death of W. L. Henry, and, the period of limitation being ten years, the suit was barred after fifteen years had elapsed from the time of his death. W. L. Henry died in the year 1898, and no permanent administration was granted until about twenty years thereafter. But this is to overlook the fact that during the whole period of time between the death of W. L. Henry and the death of Mrs. C. A. Henry there was no permanent administrator, and therefore no one who could sue on behalf of the estate of W. L. Henry to recover the money due for distribution, and there was no one who could be sued. The petition affords no information as to when any of the children of W. L. Henry became of age; and if the demurrer was intended to be based on the contention that the children of W. L. Henry might have caused a permanent administrator to be appointed and brought suit against him, it is insufficient to raise that question. Where the petition does not not show on its face that it is barred by the statute of limitations, the question must be raised by plea, and not demurrer. *Thornton* v. *Jackson,* 129 *Ga.* 700, 704 (supra) ; *Powell* v. *McKinney,* 151 *Ga.* 803, 810 (108 S. E. 231). From what has been said it follows that the court properly overruled the demurrer to the peti-

tion, based on the ground that it was barred by the statute of limitations.

3. As we view the petition, the special demurrer thereto should have been sustained. The allegations to the effect that the temporary administratrix, who was the mother of the heirs, sustained a fiduciary relation to the latter, adds nothing to the cause of action. The case is one- where a recovery depends upon the establishment of the allegations of the petition that the temporary administratrix, Mrs. Henry, received certain moneys belonging to the estate of W. L. Henry; that she died in possession of same; that suit was brought within two years after her death and within the period of the statute of limitations after the appointment of a permanent administrator upon the estate of W. L. Henry; that the executrix of Mrs. Henry, under the law, was in duty bound to take charge of all of the personal property of her testatrix, in whatever capacity they were held, and, having done so, that she must account to the permanent administrator of the estate of W. L. Henry. Direction is given that the judgment overruling the demurrers to the petition be so modified as to strike the allegations of the petition to which the defendants interposed special demurrers as mentioned herein.

*Judgment affirmed, with direction.    All the Justices concur.* RUSSELL, C. J., concurs specially.