### In re GOSS.
### No. 3196.

District Court, N. D. Georgia, Rome Division.
Sept. 24, 1930.

John K. Davis, of Cedartown, Ga., for trustee in bankruptcy.

Wright, Wright & Covington, of Rome, Ga., for trustee in bankruptcy and administrator.

M. B. Eubanks, of Rome, Ga., for grantee.

SIBLEY, District Judge.

On April 22, 1927, Goss made a conveyance of all his lands, leaving himself insolvent. On May 17, 1927, he went into voluntary bankruptcy. The trustee obtained a decree adjudging that the conveyance was made to hinder and defraud creditors, recovered the lands, and sold them. The proceeds paid all debts and the expenses of administration, and left a sum of money in the trustee's hands which was claimed by the grantee in the fraudulent conveyance on the one hand, and by the administrator and heirs of the bankrupt on the other; the bankrupt having died pending the litigation. The trustee petitioned the referee for direction as to what he should do with the money. The referee, under the answers of the contending parties, heard evidence and decided that the money should go to the estate of the bankrupt, on the ground that the deed conveying the lands was void not only because in fraud of creditors, but for want of mental capacity in the grantor, and for overreaching on the part of the grantee. The losing party complains that the referee was without jurisdiction to decide the question in a summary proceeding, that he was bound by the refusal of this court to allow the administrator and heirs to intervene in the suit about the land, and that he decided the case wrongly on the merits.

The referee had jurisdiction. This is not a suit by the trustee to recover anything from an adverse claimant. He already had the money in his hands, and lawfully so, because under Bankruptcy Act, § 67e, title 11, U. S. Code, § 107(e), 11 USCA § 107(e), the land recovered went into his hands for administration like any other part of the estate. This residue in cash he must do something with, and as an officer of the court he may properly seek its direction. The bankruptcy court having a fund in its custody need not wait for other courts to decide to whom it belongs, but has a jurisdiction of necessity to determine that for itself. The question, of course, is not strictly an exercise of bankruptcy jurisdiction, but rather of the inherent power in any court to make just disposition of a fund which has come properly into its hands. In re Antigo Screen Door Co. (C. C. A.) 123 F. 249. This it does according to its usual mode of procedure. In a bankruptcy court the procedure is for the referee to decide all questions which are not required by the act to go directly to the judge, subject to revision by the judge if demanded. General Orders XII(1) and XXVII (11 USCA § 53). The refusal of the intervention by administrator and heirs in the suit to cancel the deed is no bar to their being heard now. That was a distinct case from this. The trustee was asserting, in an independent suit, a right of creditors in which these representatives of the bankrupt had no interest and which they were properly not permitted to becloud by a contention of their own. Now, however, the creditors have been disposed of, and the sole question to be decided is to whom this money belongs. All claimants of it must be heard. The fact that they were not allowed a hearing in the other case confirms their right to be heard now.

On the merits, a surplus of assets in bankruptcy is rather rare; and the cases regarding its disposition are few and mostly in the state courts. A collection of them is to be found 11 U. S. Code, Annotated, § 110, note 891 and following. As the result of them it may be said that the title which the trustee is given by the Bankruptcy Act is altogether a trust title for the benefit, first, of creditors, and thereafter for the use of the bankrupt or others holding under him,

as though no bankruptcy had intervened. The Bankruptcy Act makes fraudulent transfers void as to creditors, as did the English act and the state statutes. After satisfying creditors, the grantee is ordinarily entitled to the surplus, whether of the property transferred or its proceeds, because the grantor ordinarily will not be heard to set up his own fraud. Prima facie, therefore, the fund would go to the grantee. I think, however, the referee rightly held that the court, having all parties before it, should do complete justice, and if the grantor and grantee were not in pari delicto in the fraudulent transfer but the grantor was aged and under the influence of the grantee, who paid nothing for the land, that the grantee should not be awarded the money. Indeed, the administrator sets up that debts arising subsequently to the bankruptcy are outstanding and as against these creditors also the conveyance was fraudulent.

In addition to the money, there is a bond for rents of the land pending the litigation, which was given to dissolve a receivership. This bond stands in place of the rents that would otherwise have been in the court's hands, and its benefits should go to the same persons; rents accruing before the bankrupt's death belonging to the administrator, and those since to the heirs. Collins v. Henry, 155 Ga. 886, 118 S. E. 729; Hoyt v. Ware, 156 Ga. 98, 118 S. E. 734. On indemnifying for costs the trustee may sue the bond for these usees, or if the trustee desires now to be discharged, the bond may be assigned to the usees under order of the referee. The evidence justifies the referee's conclusions, and his judgment is affirmed.